OPINION *Page 2 
{¶ 1} On December 13, 2001, Ruth Holbein was injured in an automobile accident and taken to the emergency room at appellee, Genesis Health Care System. Ms. Holbein died shortly thereafter.
 {¶ 2} On December 12, 2003, appellants, Rita and Rhea Holbein, as co-executors of the Estate of Ruth Holbein, filed a complaint against appellee Genesis as well as appellees Said Hanna, M.D., Dr. Hanna's employer, General and Vascular Surgery of Southeastern Ohio, Michael Schuster, M.D., and Dr. Schuster's employer, Muskingum Emergency Physician's, Inc. Appellants alleged medical malpractice and wrongful death. On November 8, 2004, appellants dismissed their complaint without prejudice.
 {¶ 3} On November 7, 2005, appellants re-filed their complaint pro se. Appellants did not file an affidavit of merit as required by Civ.R. 10(D)(2) or a motion for extension of time to obtain said affidavit. On January 31, 2006, appellees Hanna and General and Vascular Surgery filed a motion for summary judgment/partial motion to dismiss. By decision file June 14, 2006 and judgment entry filed July 12, 2006, the trial court dismissed the complaint as to all named defendants, finding the complaint did not include the affidavit of merit as required by Civ.R. 10(D)(2).
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows: *Page 3 
 I {¶ 5} "TRIAL COURT ERRED IN ITS RULING ON THE MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNTIVE, MOTION FOR PARTIAL DISMISSAL BY FAILING TO IDENTIFY WHICH MOTION IT GRANTED."
 II {¶ 6} "TRIAL COURT ERRED IN THE GRANTING THE MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, MOTION FOR PARTIAL DISMISSAL AND APPLYING THE SAME STANDARD OF REVIEW FOR A PRO SE LITIGANT AS IT WOULD A LAWYER IN A COMPLEX, MEDICAL MALPRACTICE ACTION."
 III {¶ 7} "TRIAL COURT ERRED IN DETERMINING THE OMISSION OF THE CIVIL RULE (10)(D) AFFIDAVIT FROM THE REFILED COMPLAINT JUSTIFIED A DISMISSAL OF THE ENTIRE ACTION."
 IV {¶ 8} "TRIAL COURT ERRED IN DISMISSING THE ENTIRE ACTION, WHEN ONLY SOME OF THE PARTIES FILED A MOTION FOR SUMMARY JUDGMENT AND/OR MOTION FOR DISMISSAL AND THE OTHER PARTIES REMAINED SILENT (FROM THEIR ANSWER TO THE REFILED COMPLAINT TO THE CONCLUSION OF THE CASE)."
 V {¶ 9} "TRIAL COURT ERRED IN DISMISSING THE CASE, WHEN A LESS HARSH SANCTION WAS AVAILABLE, INCLUDING BUT NOT LIMITED TO *Page 4 
PERMITTING AMENDMENT TO THE REFILED COMPLAINT, ORDER A MORE DEFINITE STATEMENT TO BE PROVIDED BY THE HOLBEINS."
 VI {¶ 10} "TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AND ENDING THE HOLBEINS' CLAIM."
 VII {¶ 11} "TRIAL COURT ERRED, BY FAILING TO DECLARE OHIO RULE OF CIVIL PROCEDURE 10(D)(2) UNCONSTITUTIONAL."
 I {¶ l2} Appellants claim the trial court's decision and judgment entry are confusing, vague, and nonspecific as to which relief was granted and therefore the matter should be remanded for further clarification. We disagree.
{¶ l3} The trial court's June 14, 2006 decision states the following in pertinent part:
 {¶ 14} "The Defendants seek summary judgment on the Plaintiffs' complaint in part alleging that the Plaintiffs' complaint is not supported by an affidavit of merit as required by Civ.R. 10(D)(2). Upon review of the complaint filed herein the Court finds that an affidavit of merit was not included in the Plaintiffs' filings and therefore the complaint shall be dismissed."
 {¶ 15} In its July 12, 2006 judgment entry, the trial court stated the following:
 {¶ 16} "For the reasons stated in the Court's Decision, rendered and filed in this action on June 14, 2006, a copy of which is attached to this Entry and incorporated *Page 5 
herein, plaintiffs' complaint is DISMISSED as to all named defendants in this action upon the ground that plaintiffs' complaint failed to comply with Civ.R. 10(D)(2)."
 {¶ 17} Any confusion as to who was to be dismissed was clarified by the July 12, 2006 judgment entry which was prepared at the trial court's direction by counsel for the defendants in conformity with the June 14, 2006 decision.
 {¶ 18} Assignment of Error I is denied.
 II {¶ l9} Appellants claim their failure to file a Civ.R. 10(D)(2) affidavit with their complaint, failure to request an extension to file said affidavit, and failure to properly submit the purported affidavit of Terrance Baker, M.D. should be excused because they are pro se litigants. We disagree.
 {¶ 20} Appellants argue pro se litigants should be held to a lesser standard than imposed upon the practicing bar. They argue many lawyers no longer practice in the medical malpractice arena because of the complexities of the law in this "highly specialized field." Appellants' Brief at 8.
 {¶ 21} This argument of "fools rush in where angels fear to tread" is contra to the long standing hornbook law that pro se litigants are not exempt from complying with the rules and regulations. "Pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." Meyers v. FirstNtl. Bank of Cincinnatti (1981), 3 Ohio App.3d 209, 210.
 {¶ 22} As the legal landscape changes, the Supreme Court of Ohio has addressed the issue of pro se litigants by establishing a task force. Although a report *Page 6 
has been issued, to date the recommendations therein have not been implemented. The newly enacted Code of Professional Conduct now recognizes the unbundling of legal services, and the courts of this state may be required to take a more activist approach to counseling and/or guiding lay persons through the system. Many courts do in fact have user guides and "Most Frequently Asked Questions" on their websites.
 {¶ 23} In the Recommendations of the Task Force on Pro Se Litigants, there is no mention of bending or supplanting the requirements of the Civil Rules of Procedures. The only recommendation close to addressing the issue sub judice is that courts provide a pre-filing screening to pro se litigants. In fact, most courts accept letters as motions or answers.
 {¶ 24} To date, this activist view has not been expanded to bending the mandates of the Civil Rules or statutory law. Therefore, although at times the law is not particularly user-friendly, we cannot negate the Supreme Court of Ohio's own adopted Civil Rules because a party proceeds pro se. Without adherence to rules, we will have a judicial free-for-all or anarchy.
 {¶ 25} Assignment of Error II is denied.
 III, V {¶ 26} Because these assignments challenge the trial court's decision to dismiss the complaint, we will address them collectively.
 {¶ 27} The trial court dismissed the complaint for failure to follow Civ.R. 10(D)(2) which states the following:
 {¶ 28} "(2) Affidavit of merit; medical liability claim. *Page 7 
 {¶ 29} "(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. Affidavits of merit shall include all of the following:
 {¶ 30} "(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
 {¶ 31} "(ii) A statement that the affiant is familiar with the applicable standard of care;
 {¶ 32} "(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.
 {¶ 33} "(b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For good cause shown and in accordance with division (c) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit, not to exceed ninety days, except the time may be extended beyond ninety days if the court determines that a defendant or non-party has failed to cooperate with discovery or that other circumstances warrant extension. *Page 8 
 {¶ 34} "(c) In determining whether good cause exists to extend the period of time to file an affidavit of merit, the court shall consider the following:
 {¶ 35} "(i) A description of any information necessary in order to obtain an affidavit of merit;
 {¶ 36} "(ii) Whether the information is in the possession or control of a defendant or third party;
 {¶ 37} "(iii) The scope and type of discovery necessary to obtain the information;
 {¶ 38} "(iv) What efforts, if any, were taken to obtain the information;
 {¶ 39} "(v) Any other facts or circumstances relevant to the ability of the plaintiff to obtain an affidavit of merit.
 {¶ 40} "(d) An affidavit of merit is required to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment. Any dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits.
 {¶ 41} "(e) If an affidavit of merit as required by this rule has been filed as to any defendant along with the complaint or amended complaint in which claims are first asserted against that defendant, and the affidavit of merit is determined by the court to be defective pursuant to the provisions of division (D)(2)(a) of this rule, the court shall grant the plaintiff a reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect."
 {¶ 42} Appellants argue because their complaint was a re-filing of a complaint that was originally filed prior to the enactment of Civ.R. 10(D)(2), the rule should not apply. We disagree. The complaint was re-filed on November 7, 2005, after the *Page 9 
effective date of the amendments to Civ.R. 10, July 1, 2005, therefore, the rule is applicable sub judice. See, Civ.R. 86(BB).
 {¶ 43} Appellants argue Civ.R. 10(D)(2) does not mandate dismissal of the complaint if the required affidavit is not attached. They further assert Civ.R. 10(D)(1), which governs claims founded on an account or written instrument, does not mandate dismissal if the account or written instrument is not attached to the pleading; the rule merely requires the reason for the omission to be stated in the pleading. Civ.R. 10(D)(2)(b) states a plaintiff may file an extension to file the required affidavit, and the trial court shall grant the extension at its discretion for "good cause shown." In this case, appellants did not make an attempt to request an extension when the complaint was re-filed.
 {¶ 44} The extension part of the rule is the safety valve included in the rule to facilitate the filing of a complaint within the statute of limitations with the necessary numerous affidavits. The rule also includes a protection from subpoena for medical experts who give an affidavit. Therefore, the rule facilitates a plaintiff's search for an expert. The other safety valve that was not available sub judice was a Civ.R. 41(A) dismissal.
 {¶ 45} Appellants essentially do not contest the omissions in the affidavit as to form, nor do they defend Dr. Baker's affidavit and its failure to qualify as an expert in appellee's specialty. They argue lapses or omissions in the Baker affidavit should be overlooked or the trial court should have granted them more time to obtain experts.
 {¶ 46} We note on February 27, 2006, the trial court granted appellants an extension of time to respond to the motion for summary judgment over appellees' *Page 10 
objection. We can only surmise that had appellants filed qualifying affidavits, appellees' motion would have been denied.
 {¶ 47} Lastly, we will address the appropriateness of the trial court's dismissal. Appellants argue when a party fails to attach the required affidavit and good cause is shown, a trial court could order an amendment to the complaint or order a more definite statement.
 {¶ 48} Although the reasoning behind the rule is not specifically stated, it does reference back to the original Tort Reform Act of 1996. The requirement of an affidavit was to guard against frivolous lawsuits.
 {¶ 49} The trial court was clearly within its discretion to fashion the appropriate remedy. The trial court had before it a re-filed medical complaint that for some reason had been dismissed by appellants. Further, by appellants' own admissions, they were unable to find counsel to represent them. Appellants' Brief at 3.
 {¶ 50} In their answer filed November 30, 2006, appellees Hanna and General and Vascular Surgery plead failure to comply with Civ.R. 10(D)(2). As such, appellants were on notice prior to the filing of the motion for summary judgment/partial motion to dismiss of the defect with the complaint.
 {¶ 51} Upon review, we find no abuse of discretion by the trial court in dismissing the complaint for failure to comply with Civ.R. 10(D)(2). Given the specific facts of this case, the re-filing and the extension granted to appellants, we find the rule would have no meaning or effect if it was not enforced.
 {¶ 52} Assignments of Error III and V are denied. *Page 11 
 IV, VI {¶ 53} Appellants claim the trial court erred in dismissing the complaint, especially "as to all named defendants" because only appellees Hanna and General and Vascular Surgery moved for dismissal. We disagree.
 {¶ 54} From the re-filing of the complaint to the trial court's decision, seven months had passed. During this time, appellants made no efforts to comply with Civ.R. 10(D)(2) or request an extension of time.
 {¶ 55} If a complaint is dismissed because it is deficient for failing to comply with filing requirements as to one party on a medical claim, there is no way appellants can re-ring the bell as to the complaint's deficiencies.
 {¶ 56} The complaint is deficient on its face as to all named defendants. It would be a waste of judicial time and resources to remand for another dismissal motion.
 {¶ 57} Assignments IV and VI are denied.
 VII {¶ 58} Appellants claim Civ.R. 10(D)(2) is unconstitutional. We disagree.
 {¶ 59} Appellants failed to challenge the constitutionality of the statute at the trial court level. As stated by the Supreme Court of Ohio in State v. Awan (1986), 22 Ohio St.3d 120, syllabus:
 {¶ 60} "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."
 {¶ 61} Assignment of Error VII has not been perfected for appeal and is denied. *Page 12 {¶ 62} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
 By Farmer, J. Gwin, P.J. and Wise, J. concur. *Page 13 
 JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. *Page 1