Point Rental Company, Appellant, *v.* Posani et al., Appellees.

(No. 76AP-491—Decided October 21, 1976.)

*Mr. George Q. Vaile,* for appellant.
*Mr. Michael M. Edwards,* for appellees.

McCormac, J. Plaintiff, appellant herein, filed a complaint against defendants, the appellees, in Franklin County Municipal Court which reads in pertinent part as follows:

"First Cause of Action:

"1. Plaintiff says that on the 3rd day of April, 1974, Defendants signed a lease agreement with the Plaintiff for living quarters located at 1879-D Oakland Park, Columbus, Ohio 43224 for a period of one year, commencing on the 15th day of April, 1974 (a copy of the lease agreement is not attached hereto it being the belief of the Plaintiff that a copy of said document is in the hands of the Defendants).

"2. Plaintiff further says that during the term of said lease agreement, Defendants failed to pay $140.00 in

rent and late charges which was due the Plaintiff and that the Plaintiff was damaged thereby after all legal setoffs in the amount of $40.00, which sum Plaintiff claims with interest thereon at the rate of 8% per annum from the 1st day of September, 1974.

"Second Cause of Action:

"3. Plaintiff herein restates the allegations contained in Paragraph 1 above and states further that during Defendants' occupancy of said living quarters they did damage thereto over and above normal wear and tear resulting in costs to the Plaintiff in the amount of $203.22, which sum Plaintiff claims with interest thereon at the rate of 8% per annum from the 1st day of September, 1974.

"4. Wherefore, Plaintiff prays for judgment against the Defendants in the amount of $40.00 on its First Cause of Action and $203.22 on its Second Cause of Action, for a total judgment of $243.22, interest thereon at the rate of 8% per annum from the 1st of September, 1974, it's (*sic*) costs herein and reasonable attorney's fees."

To this complaint defendants filed a motion for an order dismissing the complaint for a failure to attach a copy of the lease, as required by Civ. R. 10(D).

The court sustained the motion to dismiss, ruling as follows:

"It appearing to the court that the complaint herein is founded upon a written instrument, a copy of which is not attached to the pleading as required by Rule 10(D), Ohio Rules of Civil Procedures, and is (*sic*) further appearing that plaintiff's statement of belief that defendant has a copy of said instrument is an unsufficient (*sic*) basis for proceedings upon the merits, defendant's motion to dismiss is well taken, and the complaint is hereby dismissed without prejudice."

From the judgment of the trial court, plaintiff has filed a timely notice of appeal, setting forth the following assignment of error:

"The court erred in dismissing the complaint of plaintiff-appellant for the failure to attach the written instrument upon which the complaint was grounded. The plain-

tiff gave a sufficient reason for failure to attach the written instrument, thereby complying with Ohio Civil Rule 10(D)."

Civ. R. 10(D) provides as follows:

"Copy must be attached. When any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading."

Clearly, plaintiff's claim is founded upon a written instrument, to wit, a lease, so that plaintiff was required to comply with Civ. R. 10(D). Plaintiff attempted to comply with the rule by stating a reason for failing to attach a copy of the lease rather than attaching the copy. The trial court was correct in ruling that a statement of a belief that defendant has a copy of a written instrument is an insufficient reason for failing to attach a copy. A valid reason would be that one does not have a copy of a written instrument in his possession and is unable to obtain a copy to file with the complaint. Since the written instrument is the best evidence of the transaction and becomes a part of the complaint for all purposes, the attachment serves a function other than to inform a defendant as to the nature of the claim. Of course, additionally, a defendant may be uncertain as to whether the written instrument to which reference is made is the same as the copy that he possesses. In this case, in defendants' memorandum, they stated that over two years had elapsed and inferred that they may not have a copy of the lease in their possession.

In any event, the trial court was correct in ruling that the reason for the failure to attach the lease was not sufficient.

The matter came before the court upon defendants' motion to dismiss. The motion to dismiss was a general motion only, and can be construed as only relating to the dismissal for a failure to state a claim upon which relief can be granted. Obviously, plaintiff has stated a claim upon which relief can be granted, even without the attachment of the lease, as plaintiff paraphrased the provisions

of the lease in the complaint. The test for the dismissal of an action for failure to state a claim is as follows:

"In appraising the sufficiency of the complaint, we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson* (1957), 355 U. S. 41, 45.

The proper procedure in attacking the failure of a plaintiff to attach a copy of a written instrument or to state a valid reason for his failure to attach same is to serve a motion for a definite statement, pursuant to Civ. R. 12(E). Had that motion been granted, as would have been proper in this case, plaintiff could properly have been required to amend his complaint within 14 days after notice of the order sustaining the motion for a definite statement, and ordered to attach a copy of the written instrument or state a valid reason for the failure to attach same. In the event a party fails to obey the order of the court, the court may strike the pleading to which the motion was directed, or make any other orders as it deems just, which would include involuntary dismissal with prejudice pursuant to Civ. R. 41(B)(1).

The assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court for further procedure consistent with this decision.

*Judgment reversed.*

HOLMES and WHITESIDE, JJ., concur.