OPINION
Plaintiff-Appellant, Lorain Music Company, appeals a decision issued by the Court of Common Pleas of Crawford County, dismissing its complaint for damages and injunctive relief filed against Defendant-Appellee, Stephen Eidt. For the reasons set forth below, we must reverse the dismissal and remand the matter for further proceedings.
The following is a brief summation of the facts and procedural history surrounding this lawsuit:
Appellant operates a vending machine business in Crestline, Ohio. On April 23, 1999, Appellant filed a complaint against Appellee for injunctive relief and damages. The complaint centered around an allegation that Appellee, a vending machine maintenance man, breached a non-compete clause contained in an employment contract by leaving the company and working for Thomas Vending, Inc., a competitor business. Appellee answered the complaint, denying that he breached the contract. Appellee also raised Civ.R. 10(D) as a defense, claiming that the complaint should be dismissed because Appellant failed to attach a copy of the contract, the writing upon which the claims were supposedly founded.
Thereafter, on October 6, 1999, Appellant filed a motion requesting the court to issue a preliminary injunction and a motion for partial summary judgment on the issue of the breach. Appellee filed separate memoranda in opposition to both motions and also filed his own motion to dismiss the complaint based upon Appellant's non-compliance with Civ.R. 10(D).
The trial court then conducted a hearing on Appellant's motions on December 13, 1999. On April 20, 2000, the court issued a decision, denying Appellant's motions in their entirety and, at the same time, granting Appellee's motion to dismiss. We note that although this document was captioned as a "judgment entry", it fails to specifically order any action taken and, thus, merely reflects the decision of the court. This procedural defect was apparently brought to the attention of the court because on June 5, 2000, the court filed an entry, stating "it is ordered, adjudged and decreed that the Judgment Entry dated April 20, 2000, is a final, appealable order * * *." While this language is confusing at best, we are able to discern that the entry orders the dismissal of the case in accordance with the previously issued decision. It is from this entry that Appellant brings the instant appeal, asserting eleven assignments of error for our review.
For the sake of clarity, we have elected to address Appellant's assertions outside of their original sequence, and because we find them to be dispositive, we will discuss the tenth and eleventh assignments of error first.
 Assignment of Erorr X Error in dismissing the entire action as a consequence of the limited hearing on December 13, 1999, noticed to address the motion for preliminary injunction, where even if no injunctive relief were warranted, Defendant was entitled to proceed to trial on the issue of damages resulting from Plaintiff's admitted breach of the employment agreement's non-compete provisions.
 Assignment of Error XI Error in granting motion to dismiss action for failure to attach the Employment Agreement as exhibit to the Complaint where that omission had been cured by supplying copies to Defendant's counsel and filing original, with notice, to the Court three months before hearing, and with no objection being raised thereafter by Defendant.
Appellant essentially complains that the trial court erred in dismissing the entire action based upon the alleged non-compliance with Civ.R. 10(D). We agree.
Civil Rule 10(D) provides, "When any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading." Even if we were to assume, without deciding, that Appellant was required to attach the employment contract to the complaint, it is clear that a dismissal on the basis of this procedural rule alone was inappropriate in this case.
It has been a long-standing rule in this state that when a plaintiff fails to attach a copy of a written instrument to a complaint in violation of Civ.R. 10(D), the proper way to challenge such a failure is by serving a motion for a more definite statement pursuant to Civ.R. 12(E). See Point Rental Co. v. Posani (1976), 52 Ohio App.2d 183, 186;Schwartz v. Bank One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 812, fn. 4; Glenwood Homes, Ltd. v. State Auto Mut. Ins. Co. (Oct. 1, 1998), Cuyahoga App. No. 72856, unreported. Moreover, "[a] defendant who fails to file a Civ.R. 12(E) motion before filing his answer has been held to have waived his right to assert Civ.R. 10(D) as a basis for dismissing the plaintiff's complaint." Glenwood Homes, Ltd., at * * 5; Phillips v.Fishel (Jan. 28, 1983), Lake App. No. 9-041, unreported.
Herein, the record is clear that Appellee never filed a motion for a more definite statement. Consequently, the trial court's decision to dismiss the complaint for failure to comply with Civ.R. 10(D) was erroneous, and Appellant's tenth and eleventh assignments of error are sustained.
The remainder of Appellant's assertions focus on the trial court's refusal to grant the motion for preliminary injunction and the motion for partial summary judgment. Given our conclusion that this lawsuit was improperly dismissed, Appellant's assignments of error one through nine have been rendered moot, thus, we express no opinion as to whether the court erred in arriving at these decisions. See App.R. 12(A)(1)(c).
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby reversed insofar as it relates to the dismissal of the action, and the matter is remanded for further proceedings.
 ______________________ WALTERS, J.
 SHAW and BRYANT, J.J., concur.