**FLETCHER et al., Appellant,**

**v.**

**UNIVERSITY HOSPITALS OF CLEVELAND et al., Appellees.**

[Cite as *Fletcher v. Univ. Hosps. of Cleveland,* 172 Ohio App.3d 153, 2007-Ohio-2778.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 88573.

Decided June 7, 2007.

154

Thomas J. Travers, for appellant.

Norchi & Associates, L.L.C., and Kevin M. Norchi, for appellee University Hospitals of Cleveland.

Sutter, O'Connell, Mannion & Farchione Co., L.P.A., and John V. Jackson II, for appellee Raymond Onders, M.D.

---

KENNETH A. ROCCO, Judge.

{¶ 1} Appellant Monica Fletcher claims that the trial court erred by dismissing her wrongful-death claim for failure to attach an affidavit of merit to the complaint as required by Civ.R. 10(D)(2). We remove this case from the accelerated docket, sua sponte, because it presents "a unique issue of law of substantial precedential value in determining similar cases." We have found no appellate cases construing Civ.R. 10(D)(2) or determining the proper procedure for ensuring compliance with it.[1] Thus, this appears to be an issue of first impression.

{¶ 2} Appellant filed her complaint in this case on March 29, 2006, on behalf of herself and as administrator of the estate of Victor Shaw, having previously filed and voluntarily dismissed the same claims in an action in the Mahoning County Common Pleas Court. She alleged that defendants University Hospitals of Cleveland and Dr. Raymond Onders provided negligent medical care to Victor Shaw, and she sought damages for both medical malpractice and wrongful death.

{¶ 3} Appellee University Hospitals filed a motion to dismiss the complaint for failure to state a claim because appellant had failed to attach to the complaint an affidavit of merit, as required by Civ.R. 10(D)(2). Appellant responded to this motion. The court subsequently dismissed the case, with prejudice.

{¶ 4} Civ.R. 10(D)(2), effective July 1, 2005, provides:

(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim * * * as defined in section 2305.113 of the Revised Code, shall include an affidavit of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. The affidavit of merit shall be provided by an expert witness * * * * [and] shall include all of the following:

(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;

(ii) A statement that the affiant is familiar with the applicable standard of care;

---

1. The lack of authority on these points should not be surprising. Civ.R. 10(D)(2) became effective July 1, 2005, so there has been little opportunity for appellate review of this issue.

(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

(b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For good cause shown, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit.

(c) An affidavit of merit is required solely to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment.

{¶ 5} Appellant did not request an extension of time to file an affidavit of merit. Rather, she argued that no affidavit was required. Therefore, subsection (D)(2)(b) is inapplicable.

{¶ 6} Appellant argues that a wrongful-death action is not a "medical claim." Civ.R. 10(D)(2) specifically refers to a medical claim "as defined by section 2305.113 of the Revised Code." Therefore, we must look to this statute for guidance as to the meaning of this term.

{¶ 7} R.C. 2305.113(E) defines "medical claim" as follows:

(3) "Medical claim" means any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person. "Medical claim" includes the following:

(a) Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person;

(b) Claims that arise out of the medical diagnosis, care, or treatment of any person and to which either of the following applies:

(i) The claim results from acts or omissions in providing medical care.

(ii) The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment.

(c) Claims that arise out of the medical diagnosis, care, or treatment of any person and that are brought under section 3721.17 of the Revised Code.

{¶ 8} The wrongful-death claim asserted by appellant was a medical claim as defined by R.C. 2305.113. It was a claim against a physician and a hospital that arose out of the medical diagnosis, care, or treatment of the decedent, and the claim resulted from alleged acts or omissions in providing medical care. We are

well aware that R.C. 2305.113 does not supply the statute of limitations for a wrongful-death claim. See *Koler v. St. Joseph Hosp.* (1982), 69 Ohio St.2d 477, 23 O.O.3d 413, 432 N.E.2d 821; *Evans v. S. Ohio Med. Ctr.* (1995), 103 Ohio App.3d 250, 659 N.E.2d 326; *Brosse v. Cumming* (1984), 20 Ohio App.3d 260, 20 OBR 322, 485 N.E.2d 803. However, that fact does not preclude a claim for wrongful death from being a medical claim as defined in R.C. 2305.113. The common pleas court in this case correctly determined that appellant's complaint presented a medical claim with which she was required to supply an affidavit of merit pursuant to Civ.R. 10(D)(2) and that appellant failed to include an affidavit with her complaint. Pursuant to Civ.R. 10(D)(2)(c), the affidavit is required to "establish the adequacy of the complaint."

{¶ 9} It does not follow, however, that a complaint that does not contain an affidavit of merit fails to state a claim and is therefore subject to dismissal. A well-developed body of law establishes the remedy for the related situation in which a party fails to attach a written instrument to a pleading that includes a claim or defense founded on it, as required by Civ.R. 10(D)(1). "The proper procedure in attacking the failure of a plaintiff to attach a copy of a written instrument * * * is to serve a motion for a definite statement pursuant to Civ.R. 12(E)." *Point Rental Co. v. Posani* (1976), 52 Ohio App.2d 183, 186, 6 O.O.3d 171, 368 N.E.2d 1267; see, also, *Natl. Check Bur. v. Buerger,* Lorain App. No. 06CA008882, 2006-Ohio-6673, 2006 WL 3702638, ¶ 14; *Lorain Music Co. v. Eidt* (Nov. 21, 2000), Crawford App. No. 3–2000–17, 2000 WL 1726161, and cases cited therein. We can conceive of no reason why the procedure for challenging a failure to comply with Civ.R. 10(D)(1) should not also apply to Civ.R. 10(D)(2); indeed, the very fact that they are grouped together implies that they should be treated alike. Both sections promote the same purpose. Even though Ohio is a notice-pleading state, our public policy requires parties asserting these special kinds of claims to provide some minimal evidence to support them before the opposing party will be required to respond. Therefore, we hold that the proper remedy for failure to attach the required affidavit(s) is for the defendant to request a more definite statement. If the plaintiff fails to comply with an order to provide a more definite statement, "the court may strike the pleading to which the motion was directed, or make any other orders as it deems just, which would include involuntary dismissal with prejudice pursuant to Civ. R. 41(B)(1)." *Point Rental,* 52 Ohio App.2d at 186, 6 O.O.3d 171, 368 N.E.2d 1267.

{¶ 10} A defendant who fails to file a motion for a more definite statement before filing his answer has been held to have waived the right to assert the plaintiff's failure to attach a copy of a written instrument as a basis for dismissing the complaint. See *Castle Hill Holdings, L.L.C. v. Al Hut, Inc.,* Cuyahoga App. No. 86442, 2006-Ohio-1353, 2006 WL 726911, ¶ 29. Furthermore, Civ.R. 12(G)

requires a party to join all available motions, so the filing of a motion to dismiss for failure to state a claim will generally waive the right to assert that a more definite statement is required. However, in light of the fact that the procedure for enforcing Civ.R. 10(D)(2) was not settled at the time the motion to dismiss was filed, defendants-appellees may request leave to amend their motion to seek a more definite statement.

{¶ 11} We hold that the court erred by dismissing the complaint for failure to state a claim. We reverse the judgment and remand the cause with instructions for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

COONEY, P.J., and McMONAGLE, J., concur.