OPINION
{¶ 1} Plaintiffs-appellants, Carl Stewart and Janet Stewart, appeal the Mahoning County Common Pleas Court decision dismissing their claims for medical malpractice and loss of consortium against defendants-appellees, Forum Health d.b.a. Beeghly Medical Park, Dr. Daniel Fought, St. Charles Mercy Hospital, and Emergency Professional Services, Inc. Appellants claim that the trial court erred by dismissing their claims for failure to attach an affidavit of merit to their complaint as required by Civ.R. 10(D)(2).
 {¶ 2} Since this case was adjudicated below on a motion to dismiss, the only underlying facts that can be gleaned from the record are those alleged in appellants' complaint. On August 14, 2002, plaintiff-appellant, Carl E. Stewart, injured his hand and the next day went to seek care from defendant-appellee, Beeghly Medical Park, which employs or contracts with defendant-appellee, Emergency Services, Inc. Carl complained of severe pain and swelling in his right hand. He was x-rayed and diagnosed with a contusion to his right hand. He was fitted with a splint, given medication to control his pain, and discharged.
 {¶ 3} On August 16, 2002, Carl continued to experience pain and swelling in his hand so he sought additional emergency medical treatment from defendant-appellee, St. Charles Mercy Hospital. A physician there examined and x-rayed Carl and fit him with another splint.
 {¶ 4} According to the complaint, Carl never underwent blood tests and did not receive any antibiotics after his injury occurred. He alleges that his condition worsened over the next few days so he went to his family physician, Michael Devine, M.D., who referred him to the hospital for admission on August 20, 2002. At the hospital, Carl was given antibiotics and underwent surgery.
 {¶ 5} In August of 2003, appellants filed a medical malpractice claim against the aforementioned defendants-appellees, including defendant-appellee, Dr. Daniel Fought. Carl alleged permanent injury as a direct and proximate result of the compartment syndrome to his right hand. Carl alleged that each and every appellee was negligent in the care they provided to him and failed to properly diagnose and *Page 2 
treat his condition. The complaint included a claim for loss of consortium on behalf of Carl's wife, plaintiff-appellant, Janet Stewart. That complaint was later voluntarily dismissed pursuant to Civ.R. 41(A).
 {¶ 6} Appellants refiled their complaint on December 22, 2005, absent an affidavit of merit as required by Civ.R. 10(D)(2)(a). However, contemporaneous with the filing of their complaint, appellants filed a motion pursuant to Civ.R. 10(D)(2)(b) to extend the period of time within which to file the affidavit of merit. Since the time for refiling was rapidly approaching, appellants asked for a reasonable amount of time to file an amended complaint and/or the affidavit of merit.
 {¶ 7} On March 22, 2006, Forum Health filed a notice of discovery indicating that a set of interrogatories and a request for production of documents had been sent to counsel for appellants. After receiving no response, Forum Health filed a motion to compel on May 19, 2006.
 {¶ 8} In separate motions, St. Charles Mercy Hospital, Forum Health, and Dr. Fought filed motions to dismiss on June 2, June 6, and June 15, 2006, respectively. The motions were premised on the assertion that appellants' complaint failed to comply with Civ.R. 10(D)(2) (affidavit of merit requirement).
 {¶ 9} The trial court granted Forum Health's motion to compel and ordered appellants to comply with discovery requests.
 {¶ 10} On June 30, 2006, appellants filed a brief in opposition to the motions to dismiss. Appellants highlighted the fact that the trial court never ruled on their motion for an extension of time within which to file the affidavit of merit. They indicated that they had contacted their expert and were awaiting the medical report. They believed it would be available within sixty days and asked for that much time within which to file it.
 {¶ 11} On July 12, 2006, the trial court granted the motions to dismiss.[1] The *Page 3 
trial court acknowledged that appellants moved for an extension of time within which to file the affidavit of merit. However, the court noted that no affidavit had yet to be filed and that a reasonable time for such an extension had passed as contemplated by Civ.R. 10(D). This appeal followed.
 {¶ 12} Appellants' sole assignment of error states:
 {¶ 13} "THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING PLAINTIFFS' COMPLAINT FOR FAILURE TO ATTACH AN AFFIDAVIT OF MERIT REQUIRED PURSUANT TO CIVIL RULE 10(D) WHEN THE COURT DID NOT GIVE PLAINTIFF A DEADLINE WITHIN WHICH TO FILE SAME, ALTHOUGH PLAINTIFFS HAD FILED A MOTION FOR EXTENSION PURSUANT TO CIVIL RULE(D)(2)(b)."
 {¶ 14} Appellants argue that the trial court did not rule on the appellants' motion for an extension of time in which to file the affidavit of merit and, therefore, they had no direction or time limit in which to comply.
 {¶ 15} Appellees argue that although the trial court never issued a formal, written order relating to appellants' motion, appellants had more than a reasonable amount of time, over six months, in which to file their affidavit of merit.
 {¶ 16} The standard of review for a Civ.R. 12(B)(6) motion to dismiss requires the appellate court to independently review the complaint to determine if the dismissal was appropriate. Ferreri v. The Plain DealerPublishing Co. (2001), 142 Ohio App.3d 629, 639, 756 N.E.2d 712. A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548, 605 N.E.2d 378. In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that appellant can prove no set of facts warranting relief after it presumes all *Page 4 
factual allegations in the complaint are true, and construes all reasonable inferences in appellant's favor. State ex rel. Seikbert v.Wilkinson (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128.
 {¶ 17} Civ.R. 10 governs the form of pleadings. Civ.R. 10(D) used to state:
 {¶ 18} "(D) Copy must be attached
 {¶ 19} "When any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading."
 {¶ 20} Effective July 1, 2005, Civ.R. 10(D) was amended by the Ohio Supreme Court in response to Section 3 of Sub. H.B. 215. Former Civ.R. 10(D) was replaced into Civ.R. 10(D)(1). Civ.R. 10(D)(2) was added to provide as follows:
 {¶ 21} "(2) Affidavit of merit; medical liability claim.
 {¶ 22} "(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include an affidavit of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. The affidavit of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. The affidavit of merit shall include all of the following:
 {¶ 23} "(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
 {¶ 24} "(ii) A statement that the affiant is familiar with the applicable standard of care;
 {¶ 25} "(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.
 {¶ 26} "(b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For *Page 5 
good cause shown, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit.
 {¶ 27} "(c) An affidavit of merit is required solely to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment."
 {¶ 28} Because it was amended in 2005, until recently, there was no case law addressing the application of Civ.R. 10(D)(2). The Eighth District Court of Appeals took it up for consideration as an issue of first impression in Fletcher v. Univ. Hosps. of Cleveland,172 Ohio App.3d 153, 2007-Ohio-2778, 873 N.E.2d 365. In Fletcher, appellant filed claims for medical malpractice and wrongful death against a hospital and doctor. The trial court dismissed appellant's claims in response to the hospital's motion to dismiss the complaint for failure to state a claim because appellant had failed to attach an affidavit of merit, as required by Civ.R. 10(D)(2). Appellant appealed to the Eighth District.
 {¶ 29} The Court dealt with two central issues. First, it examined and then determined that a wrongful-death action constituted a "medical claim" for purposes of Civ.R. 10(D). Second, the Court decided whether it was procedurally proper to dismiss a complaint for failure to state a claim if it does not contain a required affidavit of merit. It stated:
 {¶ 30} "The common pleas court in this case correctly determined that appellant's complaint presented a medical claim with which she was required to supply an affidavit of merit pursuant to Civ.R. 10(D)(2) and that appellant failed to include an affidavit with her complaint. Pursuant to Civ.R. 10(D)(2)(c), the affidavit is required to `establish the adequacy of the complaint.'
 {¶ 31} "It does not follow, however, that a complaint that does not contain an affidavit of merit fails to state a claim and is therefore subject to dismissal. A well-developed body of law establishes the remedy for the related situation in which a party fails to attach a written instrument to a pleading that includes a claim or defense founded on it, as required by Civ.R. 10(D)(1). The proper procedure in *Page 6 
attacking the failure of a plaintiff to attach a copy of a written instrument * * * is to serve a motion for a definite statement pursuant to Civ.R. 12(E).' Point Rental Co. v. Posani (1976), 52 Ohio App.2d 183,186, 6 O.O.3d 171, 368 N.E.2d 1267; see, also, Natl. Check Bur. v.Buerger, Lorain App. No. 06CA008882, 2006-Ohio-6673, ¶ 14; Lorain MusicCo. v. Eidt (Nov. 21, 2000), Crawford App. No. 3-2000-17, and cases cited therein. We can conceive of no reason why the procedure for challenging a failure to comply with Civ.R. 10(D)(1) should not also apply to Civ.R. 10(D)(2); indeed, the very fact that they are grouped together implies that they should be treated alike. Both sections promote the same purpose. Even though Ohio is a notice-pleading state, our public policy requires parties asserting these special kinds of claims to provide some minimal evidence to support them before the opposing party will be required to respond. Therefore, we hold that the proper remedy for failure to attach the required affidavit(s) is for the defendant to request a more definite statement. If the plaintiff fails to comply with an order to provide a more definite statement, `the court may strike the pleading to which the motion was directed, or make any other orders as it deems just, which would include involuntary dismissal with prejudice pursuant to Civ. R. 41(B)(1).' Point Rental,52 Ohio App.2d at 186, 6 O.O.3d 171, 368 N.E.2d 1267." Fletcher,172 Ohio App.3d 153, 2007-Ohio-2778, 873 N.E.2d 365, at ¶ 8-9.
 {¶ 32} The Eighth District's reasoning in Fletcher is persuasive. Our own precedent has dictated that the proper way to challenge a failure to make an attachment required under Civ.R. 10(D) is by serving a motion for a definite statement pursuant to Civ.R. 12(E). McCamon-Hunt Ins.Agency, Inc. v. Medical Mut. of Ohio, 7th Dist. No. 02 CA 23, 2003-Ohio-1221, at ¶ 12. We have also concluded that a violation of Civ. R. 10(D) is not a basis for relief under Civ. R. 12(B)(6). Id. at ¶ 5. Therefore, based on our own precedent and the Eighth District's reasoning in Fletcher, we hold that the proper remedy for failure to attach the required affidavit(s) under Civ.R. 10(D)(2) is for the defendant to request a more definite statement.
 {¶ 33} In this case, none of the appellees filed a motion for a definite *Page 7 
statement. Normally, that would constitute a waiver of the right to assert that the plaintiffs complaint should be dismissed for failure to attach the affidavit(s). However, since the law concerning the application of Civ.R. 10(D)(2) was not clear at the time the motions to dismiss were filed in this case, appellees, on remand, can request leave to amend their motions to seek a more definite statement.Fletcher, 172 Ohio App.3d 153, 2007-Ohio-2778, 873 N.E.2d 365, at ¶ 10.
 {¶ 34} In addition to the fact that none of the appellees filed a motion for a definite statement, we also have the fact that the trial court never ruled on appellants' motion to extend the period of time to file an affidavit of merit. Civ.R. 10(D)(2)(b) specifically provides the procedure for filing just such a motion. It states:
 {¶ 35} "The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For good cause shown, the courtshall grant the plaintiff a reasonable period of time to file an affidavit of merit." (Emphasis added.)
 {¶ 36} Here, appellants filed a motion to extend the period of time to file an affidavit of merit contemporaneously with their complaint on December 22, 2005. However, the trial court never ruled on that motion. In response to the various motions to dismiss that had been filed by appellees in June 2006, appellants attempted to call this apparent oversight to the trial court's attention. They indicated that they had contacted their expert and were awaiting the medical report. They believed it would be available within sixty days and specifically asked for that much time within which to file it. Subsequently, the trial court still never ruled on appellants' motion. When the trial court ultimately dismissed the case, it finally acknowledged that appellants had filed a motion to extend the period of time to file an affidavit. Even then, it did not specifically rule on the motion. Instead, it proceeded as though it had ruled on the motion (apparently without informing any of the parties) and concluded that no affidavit had yet been filed and that a reasonable time for such an extension had passed as contemplated by Civ.R. 10(D).
 {¶ 37} We acknowledge that "`when a trial court fails to rule on a pretrial *Page 8 
motion, it may ordinarily be presumed that the court overruled it.'" (Emphasis added.) Williams v. Vahila, 7th Dist. No. 06 CA 832,2007-Ohio-730, at ¶ 12, quoting State ex rel. The V. Cos. v.Marshall, 81 Ohio St.3d 467, 469, 692 N.E.2d 198. However, this is not the ordinary case contemplated by that general rule, especially since the trial court's failure to rule on the motion ultimately resulted in the outright dismissal of the case. Without setting a specific deadline for the filing of the affidavit as contemplated by the rule itself, the trial court's order to dismiss appellants' case on that basis was premature.
 {¶ 38} In sum, based on the trial court's failure to rule on appellants' Civ.R. 10(D)(2)(b) motion combined with appellees' failure to file a motion(s) for a definite statement, we find that the trial court's dismissal of appellants' complaint was in error.
 {¶ 39} Accordingly, appellants' sole assignment of error has merit.
 {¶ 40} The judgment of the trial court is hereby reversed as to defendants-appellees Forum Health d.b.a. Beeghly Medical Park, Dr. Daniel Fought and St. Charles Mercy Hospital, and this matter is remanded for further proceedings according to law and consistent with this opinion. Because appellants did not assign error to that portion of the judgment of the trial court as to Emergency Professional Services, Inc., that ruling remains undisturbed and intact.
Waite, J., concurs.
DeGenaro, P.J., concurs.
[1] Emergency Professional Services, Inc. filed a motion to dismiss arguing that appellants had failed to identify in their complaint any agent of Emergency Professional Services, Inc. and, therefore, secondary liability could not accrue to it. The trial court determined that appellants' complaint did not contain "any legal claim" against Emergency Professional Services, Inc. and sustained its motion to dismiss accordingly. Although appellants do appeal this dismissal, appellants do not assign error to that portion of the trial court's decision dismissing the case against Emergency Professional Services, Inc. At oral argument, appellants' counsel conceded that they were not raising any issue on appeal as to Emergency Professional Services, Inc. and that it remained dismissed from this matter. *Page 1