{¶ 14} I respectfully dissent. However, I agree with the majority's conclusion that there is no "account stated" in this case. There is no express or implied assent to any balance by Nolan, and there is no evidence that Nolan received any of the statements attached to the complaint. Thus, to adequately plead an account, Capital One had to show an accounting starting at a zero balance, or an otherwise provable sum.
 {¶ 15} Here, Capital One attached two statements to the complaint: (1) for the period of November 15, 2000 through December 14, 2000; and (2) December 15, 2000 through January 14, 2001. Neither statement began with a zero balance. Instead, the first statement began with a balance of $1,416.75, and had an ending balance of $1,420.92, which was also the beginning balance of the second statement. The ending balance of the second statement was $1,503.63. Capital One also attached the signed agreement between the parties. The only transactions listed on either statement were finance charges and various fees, such as a past due fee, an over-limit fee and a membership fee.
 {¶ 16} The majority concludes that the beginning balance on the first statement is an otherwise "provable sum" and that Civ.R. 8 only requires notice pleading. Here, I disagree that the balance on the first statement provided is a "provable sum." It is a sum, but there is no evidence attached to the complaint showing that Capital One can prove that sum by beginning with a zero balance, or even beyond the two statements attached to the complaint. Allowing a creditor to submit a couple of random monthly statements with a beginning balance of something other than zero gives no meaning to our rule in AssetAcceptance, supra (see majority opinion). *Page 10 
 {¶ 17} Further, Civ.R. 10(D) makes clear that more than mere notice pleading is required to assert a claim on an account. See Stewart v.Forum Health, Mahoning App. No. 06-MA-120, 2007-Ohio-6922, at ¶ 31; citing, Fletcher v. Univ. Hosps. of Cleveland, 172 Ohio App.3d 153,2007-Ohio-2778, at ¶ 9 (stating that "[e]ven though Ohio is a notice-pleading state, our public policy requires parties asserting these special kinds of claims to provide some minimal evidence to support them before the opposing party will be required to respond");Capital One Bank v. Toney, Jefferson App. No. 06JE28, 2007-Ohio-1571, at ¶ 30 (stating that "despite Capital One's statements regarding the scope of notice pleading under Civ.R. 8(A), the issue here involves a more specific rule, Civ.R. 10(D)"). Therefore, in my view, Civ.R. 10(D) requires more than mere notice pleading when asserting a claim on an account.
 {¶ 18} In conclusion, I believe that the beginning balance evidenced by the attachments to Capital One's complaint is not zero, and there is nothing cited in the complaint or attached thereto giving any indication that such a sum stated as a beginning balance on the first statement is "provable." Further, in my view, the specific action on an account requires more than mere notice pleading under the requirements of Civ.R. 10(D).
 {¶ 19} Accordingly, I dissent. *Page 1