JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Denise Witten ("the debtor"), appeals the Euclid Municipal Court's grant of summary judgment in favor of appellee, Asset Acceptance, L.L.C. ("the creditor").[1] After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On December 4, 1999, the debtor defaulted on credit card payments owed to Value City. On March 5, 2007, the creditor filed a complaint for collection of the debtor account in Euclid Municipal Court. According to the complaint, the debtor owed $800.98, plus accrued interest. The creditor attached an affidavit regarding damages and a customer account statement to the complaint; however, a copy of the account was not attached to the complaint.
 {¶ 3} On March 13, 2007, the debtor, pro se, filed an answer in which she admitted that she had entered into an agreement for a credit card with the creditor. Within her answer, the debtor raised the six-year statute of limitations as an affirmative defense.
 {¶ 4} On April 16, 2007, the creditor served discovery requests on the debtor, which included requests for admission. The debtor did not respond to the *Page 4 
admissions within the required 28 days. On May 31, 2007, the creditor filed a motion for summary judgment. The debtor did not file a brief in opposition. On June 4, 2007, the debtor finally responded to the request for admissions. On June 19, 2007, the magistrate recommended the granting of the creditor's motion for summary judgment. The debtor filed objections to the magistrate's decision on June 25, 2007, and on July 13, 2007, the trial court granted the summary judgment motion. On August 10, 2007, the debtor, now represented by appellate counsel, filed a notice of appeal.
 {¶ 5} The debtor brings this appeal, asserting three assignments of error for our review.
 Standard of Review — Summary Judgment {¶ 6} "Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267. *Page 5 
 {¶ 7} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed.2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party.Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 8} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record whichdemonstrate the absence of a genuine issue of fact or material elementof the nonmoving party's claim." (Emphasis in original.) Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ. R. 56(C) showing that a genuine issue for trial exists. Id.
 {¶ 9} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow *Page 6 
the standards set forth in Civ. R. 56(C). "[T]he reviewing court evaluates the record * * * in a light most favorable to the nonmoving party. * * * [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990),71 Ohio App.3d 46, 50, 593 N.E.2d 24.
 Review and Analysis Statute of Limitations {¶ 10} "I. The Municipal Court erred in granting summary judgment, because the Complaint was barred by the statute of limitations."
 {¶ 11} The debtor argues that the creditor's complaint was barred by the statute of limitations. More specifically, she alleges that a six-year statute of limitations applies to this lawsuit. This argument is without merit.
 {¶ 12} We find that there is a written agreement between the debtor and the creditor. Written agreements are subject to a 15-year statute of limitations. R.C. 2305.06. The debtor failed to answer the requests for admission within 28 days; therefore, the requests have been deemed admitted. See Civ. R. 36(A)(1). It is settled law in Ohio that unanswered requests for admission render the matter requested established. JadeSterling Steel Co. v. Stacey, Cuyahoga App. No. 88283, 2007-Ohio-532,¶ 11. Further, a summary judgment motion may be based upon admissions deemed admitted for failure to answer them. St. Paul Fire Marine Ins.Co. v. Battle (Apr. 17, 1975), Cuyahoga App. No. 33479. *Page 7 
 {¶ 13} Under Civ. R. 36(B), "any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." If a party does not move the court for leave to file untimely responses, a trial court is within its discretion to grant summary judgment upon the admissions. State ex rel.Schmardebeck v. Bay Twp. Bd. of Trustees (Dec. 30, 1993), Ottawa App. No. 90OT012.
 {¶ 14} Here, the debtor failed to respond to the request for admissions within 28 days and did not move the court for leave to file untimely responses. As a result, the debtor was deemed to have admitted that she had an agreement with the creditor and that she signed an application for the creditor's card; therefore, the evidence shows that there is a written agreement between the parties. The debtor also failed to submit any evidence to the court opposing the summary judgment motion demonstrating that a six-year statute of limitations should apply.
 {¶ 15} We find that, because there is a written document, the 15-year statute of limitations applies to this lawsuit.
 {¶ 16} We shall briefly address the debtor's contention that a six-year statute of limitations (under R.C. 2305.07 or 1317.01) applies in this case.[2] *Page 8 
 R.C. 2305.07 {¶ 17} The debtor argues that the six-year statute of limitations under R.C. 2305.07 is applicable to this case. Under R.C. 2305.07, "except as provided in sections 126.301 [126.30.1] and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued." (Emphasis added.) In the case at bar, there is a written agreement between the parties; therefore, R.C. 2305.07 does not apply.
 R.C. Chapter 1317 — Retail Installment Sales Act {¶ 18} The debtor argues that the Retail Installment Sales Act, codified in R.C. Chapter 1317, applies to this case. Under R.C. 1317, there is a six-year statute of limitations. Jenkins v. Hyundai MotorFin. Co. (S.D. Ohio 2005), 389 F.Supp.2d 961, 969. R.C. 1317.01 does not apply here. An arrangement between a seller of goods (here, Value City) and a financial institution (here, the bank) where the seller presents to the buyer documents obligating the buyer to make installment payments to a financial institution, has been held to create a debtor-creditor relationship between the buyer and the institution. Bank One Dayton,N.A. v. Doughman (Nov. 16, 1988), Hamilton App. No. C-880001. This is *Page 9 
true even in the absence of any direct contact between the buyer and the institution. Id. Here, the debtor purchased merchandise from Value City, but her financial contract was with the bank. Because the bank is not a seller of merchandise, the debt is not subject to R.C. 1317.01.
 {¶ 19} In conclusion, we find that, because there is a written document, the 15-year statute of limitations applies to this lawsuit, and none of the alternative statutes apply. Accordingly, the debtor's first assignment of error is overruled.
 Deficient Complaint {¶ 20} "II. The Municipal Court erred in granting summary judgment, because the Complaint was deficient on its face."
 {¶ 21} The debtor argues that the creditor's complaint was deficient on its face. More specifically, she argues that the creditor failed to comply with Civ. R. 10(D). This argument is without merit.
 {¶ 22} Under Civ. R. 10(D)(1), "when any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading." In Ohio, the proper procedure to attack a plaintiff's failure to attach a copy of a written instrument is to serve a motion for a more definite statement under Civ. R. 12(E). Point Rental Co. v.Posani (1976), 52 Ohio App.2d 183, 368 N.E.2d 1267. *Page 10 
Because the debtor failed to move for a more definite statement, she has waived her right to assert Civ. R. 10(D) as a basis to dismiss. SeeFletcher v. Univ. Hosps. of Cleveland, 172 Ohio App.3d 153,2007-Ohio-2778, 873 N.E.2d 365, at ¶ 10. Accordingly, the debtor's second assignment of error is overruled.
 Complaint Not Supported by Evidence {¶ 23} "III. The Municipal Court erred in granting summary judgment, because the Complaint was not supported by any evidence."
 {¶ 24} The debtor argues that the municipal court erred when it granted summary judgment in favor of the creditor. More specifically, she alleges that the creditor's complaint was "not supported byany evidence." This argument is without merit.
 {¶ 25} The crux of the debtor's argument is that the creditor relies on "incompetent and inadmissible documents" in support of its motion for summary judgment. Specifically, she contends that it was inappropriate for the trial court to rely on the admissions. According to the debtor, she responded to the requests for admission (albeit late), and her procedural errors occurred because she represented herself.
 {¶ 26} We find that the trial court appropriately relied on the admissions in support of the creditor's motion for summary judgment. This court has held that "the neglect of an individual to seek legal assistance after being served with *Page 11 
court papers is not excusable." James Lumbar Co. v. Shelton (Jan. 29, 1987), Cuyahoga App. No. 51597. Therefore, it is of no consequence that the debtor represented herself in the proceedings below.
 {¶ 27} The debtor failed to respond to the requests for admissions until 50 days later, which is well beyond the required 28 days. InCleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66, 485 N.E.2d 1052, the defendant responded to requests for admissions 42 days after the requests were made. In Cleveland Trust, the trial court granted summary judgment in favor of the plaintiff due to the defendant's failure to respond to admissions in a timely manner, and the Ohio Supreme Court affirmed the trial court's decision.
 {¶ 28} The debtor also suggests that, under Civ. R. 37(E), the creditor was required to resolve the discovery dispute prior to filing a motion for summary judgment.[3] However, in Clause v. Freshwater (June 30, 1998), Jefferson App. No. 97-JE-37, the Fourth District Court of Appeals held that "Civ. R. 37 does not apply to a party's failure to respond to a request for admissions. Civ. R. 37 is a general rule regarding the failure to make discovery. Civ. R. 36 specifically *Page 12 
relates to requests for admissions. Consequently, Civ. R. 37 is not applicable to the issue at hand." In accordance with Clause, we find that Civ. R. 37 does not require the creditor to resolve the dispute before moving for summary judgment.
 {¶ 29} We find that the debtor's arguments are unpersuasive, and the trial court did not err when it relied on the debtor's admissions in granting the creditor's motion for summary judgment. The debtor was deemed to have admitted that she signed an application for the creditor's card; that she used the card to purchase items; that she failed to pay the balance on the card; and that she is responsible for paying the balance. The admissions were more than sufficient to illustrate a lack of issue of material fact and to support the creditor's motion for summary judgment. Accordingly, the debtor's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 13 
COLLEEN CONWAY COONEY, P.J., and MARY EILEEN KILBANE, J., CONCUR.
[1] The underlying debt in this action relates to the purchase of furniture from Value City Furniture ("Value City"). The debtor financed the purchase with a Value City Card, but the creditor was World Financial Network National Bank ("the bank"). The bank provided the financing, and the debtor's financial agreement was with the bank. Eventually, on June 10, 2002, the bank assigned the debt to Asset Acceptance, L.L.C. (the current creditor).
[2] In her appellate brief, the debtor also argues that a four-year statute of limitations under R.C. 1302.98 applies in this case. However, we note that she only raised a six-year statute of limitations in her answer; therefore, her four year statute of limitations argument is not properly before us. Nevertheless, we find that where a bank provides financing, but does not sell the goods, an action brought to recover the balance owed is not governed by R.C. 1302.98. BancOhio Nat'l Bank v.Freeland (1984), 13 Ohio App.3d 245, 468 N.E.2d 941. Accordingly, R.C. 1302.98 does not apply to this case.
[3] Under Civ. R. 37(A)(2), "if a deponent fails to answer a question propounded or submitted * * *, or a party fails to answer an interrogatory submitted * * *, or if a party, in response to a request for inspection * * * fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer or an order compelling inspection in accordance with the request."
Under Civ. R. 37(E), "before filing a motion authorized by this rule, the party shall make a reasonable effort to resolve the matter through discussion with the attorney, unrepresented party, or person from whom discovery is sought." *Page 1