JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Barbara Chapman as the Administratrix of the estate of Wendell Chapman ("plaintiff"), appeals the trial court's dismissal of this action for her failure to provide an affidavit of merit. For the reasons set forth below, we reverse.
 {¶ 2} On May 21, 2007, plaintiff instituted this action alleging malpractice and wrongful death after previously filing and dismissing the same claims against defendants-appellants, South Pointe Hospital ("defendant") and various John Doe defendants. Plaintiff filed contemporaneously with the complaint a motion for enlargement of time to file an affidavit of merit. On May 30, 2007, defendant filed an answer to plaintiff's complaint.
 {¶ 3} On June 15, 2007, defendant filed a motion for judgment on the pleadings and, on July 23, 2007, a motion for definite statement pursuant to Civ. R. 12(E). On August 3, 2007, the trial court granted defendant's Civ. R. 12(E) motion and ordered plaintiff to produce a definite statement within 14 days of the order. Thereafter, the trial court granted plaintiff an extension until August 31, 2007 to file the definite statement.
 {¶ 4} On August 23, 2007, defendant filed a motion to dismiss due to plaintiff's failure to comply with the court's order requiring a definite statement. In response, on September 5, 2007, plaintiff filed another request for extension of time to file the affidavit of merit. *Page 2 
 {¶ 5} On September 17, 2007, the trial court denied defendant's motion for judgment on the pleadings and granted its motion to dismiss due to plaintiff's failure to comply with the court's order requiring a definite statement.
 {¶ 6} Plaintiff now appeals and asserts two assignments of error for our review. Plaintiff's first assignment of error states:
 {¶ 7} "The trial court erred as a matter of law and abused its discretion in dismissing the complaint of plaintiff-appellant for lack of certificate of merit pursuant to Civil Rule 10(D)(2) as defendants-appellees have waived such requirement."
 {¶ 8} As a procedural matter, we note that we review, de novo, dismissals for failure to comply with Civ. R. 10(D). Colon v.Fortune, Cuyahoga App. No. 89527, 2008-Ohio-576.
 {¶ 9} Pursuant to Civ. R. 10(D)(2)(a) "a complaint that contains a medical claim * * * shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. * * * Affidavits of merit shall include [a] statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint; [a] statement that the affiant is familiar with the applicable standard of care; [t]he opinion of the affiant, that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff." *Page 3 
 {¶ 10} The requirement that affidavits of merit be filed with complaints was established to discourage the filing of meritless claims.Colon, supra.
 {¶ 11} In this case, plaintiff failed to attach an affidavit of merit to her complaint. In Fletcher v. Univ. Hosp. of Cleveland,172 Ohio App.3d 153, 2007-Ohio-2778, 873 N.E.2d 365, we determined for the first time that the proper procedure for challenging a plaintiff's failure to attach an affidavit of merit is to file a Civ. R. 12(E) motion for a more definite statement. Id. at 157. We further found that a defendant who fails to file a motion for more definite statement before filing its answer waives its right to assert the plaintiff's failure to attach an affidavit of merit as grounds for dismissing the complaint. Id.
 {¶ 12} Defendant filed an answer on May 30, 2007, before it filed a motion for more definite statement on July 23, 2007. Because defendant filed an answer before filing a motion for more definite statement, we would normally find that it has waived its right to assert that the complaint should be dismissed because plaintiff failed to comply with Civ. R. 10(D)(2). However, defendant filed its answer eight days before the procedure for enforcing Civ. R. 10(D)(2) was established inFletcher, supra. Accordingly, the trial court should have allowed defendant leave to withdraw their answer and file a motion for a more definite statement. Fletcher, supra at 158. Therefore, we find that the trial court erred in dismissing the complaint. Appellant's first assignment of error is sustained and the trial court's decision granting *Page 4 
defendant's judgment on the pleadings is reversed and the case is remanded to the trial court for proceedings consistent with this opinion.
 {¶ 13} Having determined that the trial court erred in granting defendant's motion for judgment on the pleadings, we find appellant's second assignment of error moot and decline to address its merits pursuant to App. R. 12(A)(1)(c).
 {¶ 14} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., CONCURS, KENNETH A. ROCCO, J., DISSENTS. (SEE ATTACHED DISSENT)