JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Cindy Johnson, appeals from the trial court's December 31, 2007 judgment dismissing her case. We affirm.
 {¶ 2} The record before us demonstrates that in October 2007, Johnson, pro se, filed a complaint against defendants-appellees, University Hospital Case Medical Center, Dr. Edward Michelson, Dr. Robert Schillz, Dr. Benjamin Gartrell, and "unidentified attendants, interns, and physicians of University Hospital." In her complaint, Johnson asserted claims of fraud, negligence, medical malpractice and wrongful death relative to care her mother received while a patient at University Hospital.
 {¶ 3} In November 2007, University Hospital and Dr. Michelson filed a motion for a more definite statement, requesting that the court order Johnson to include one or more affidavits of merit as required under Civ. R. 10(D)(2).[1] In a judgment dated November 30, the court granted appellees' motion, and ordered Johnson to "file a more definite statement and include affidavits of merit no later than 12-13-07." The judgment further stated that "failure to do so may result in dismissal of the case." *Page 4 
 {¶ 4} On December 18, Johnson filed a motion for extension of time to file a more definite statement. On December 31, 2007, the court denied the motion for extension of time as being untimely and dismissed the case without prejudice. Johnson essentially presents two questions for our review: 1) whether the court properly denied her motion for extension of time; and 2) whether the court properly dismissed the case.
 {¶ 5} In regard to the trial court's denial of Johnson's motion for extension of time, we review under an abuse of discretion standard: "[t]he decision whether to grant a motion for extension of time lies within the broad discretion of the trial court and will be reversed on appeal only for an abuse of discretion." Kupczyk v. Kuschnir (July 27, 2000), Cuyahoga App. No. 76614, citing Miller v. Lint (1980),62 Ohio St.2d 209, 404 N.E.2d 752. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 6} In her motion for extension of time, Johnson stated that she did not receive the court's November 30 judgment requiring her to provide affidavits of merit until December 7 and, thus, she did not have sufficient time to comply. Even assuming Johnson's statement about when she received the court's order were true, her motion for an extension was untimely. Specifically, the court *Page 5 
ordered compliance by December 13, and Johnson did not file her motion for extension until December 18.
 {¶ 7} Most significantly, however, Johnson's motion for extension did not set forth "good cause" grounds under Civ. R. 10(D). In particular, the rule provides that:
 {¶ 8} " (b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. * * * For good cause shown and in accordance with division (c) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit * * *.
 {¶ 9} " (c) In determining whether good cause exists to extend the period of time to file an affidavit of merit, the court shall consider the following:
 {¶ 10} "(i) A description of any information necessary in order to obtain an affidavit of merit;
 {¶ 11} "(ii) Whether the information is in the possession or control of a defendant or third party;
 {¶ 12} "(iii) The scope and type of discovery necessary to obtain the information;
 {¶ 13} "(iv) What efforts, if any, were taken to obtain the information;
 {¶ 14} "(v) Any other facts or circumstances relevant to the ability of the plaintiff to obtain an affidavit of merit." Civ. R. 10(D)(2)(b) and (c). *Page 6 
 {¶ 15} Johnson did not set forth any argument relative to Civ. R. 10(D) that would demonstrate "good cause" for an extension. Instead, she stated that she believed Civ. R. 10(D) and Evid. R. 601(D) and 702 were "sinister loopholes that creat[ed] a means for the defendant and the like to `walk.'" That statement was suggestive that Johnson was not going to comply with the affidavit requirement because she did not agree with it; in any event, her beliefs as stated did not constitute "good cause."
 {¶ 16} On this record, the court did not abuse its discretion by denying Johnson's motion for extension of time. We next consider the dismissal of the case.
 {¶ 17} Civ. R. 10(D) provides for the attachment of an affidavit of merit in medical liability cases:
 {¶ 18} "(a) * * * a complaint that contains a medical claim * * * shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. Affidavits of merit shall include all of the following:
 {¶ 19} "(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint; *Page 7 
 {¶ 20} "(ii) A statement that the affiant is familiar with the applicable standard of care;
 {¶ 21} "(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff." Civ. R. 10(D)(2)(a).
 {¶ 22} "An affidavit of merit is required to establish the adequacy of the complaint." Civ. R. 10(D)(2)(d).
 {¶ 23} At the time University Hospital and Dr. Michelson filed their motion for a more definite statement, this court had ruled that such a motion was the proper remedy for instances when a plaintiff failed to attach the required affidavit of merit to her complaint. Fletcher v.Univ. Hosp. of Cleveland, 172 Ohio App.3d 153, 2007-Ohio-2778,873 N.E.2d 365, at ¶ 9. However, the Ohio Supreme Court reversed this court's ruling in Fletcher, and held that the proper remedy in such instances is a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Fletcher v. Univ. Hosp. ofCleveland, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, at ¶ 13. The Supreme Court reasoned that, because the purpose of Civ. R. 10(D)(2) is to deter frivolous medical malpractice cases, the rule's "heightened standard" goes directly to the sufficiency of the complaint, and a motion to dismiss is the proper remedy for a defendant to pursue when a plaintiff files her complaint without the required affidavit. Id. *Page 8 
 {¶ 24} Although Dr. Michelson and University Hospital filed a motion for a more definite statement rather than a motion to dismiss, the distinction is one without a difference in this case, because the result was dismissal of Johnson's complaint. At this juncture, it would be an exercise in futility to remand the case so that appellees could file a motion to dismiss in order to obtain the same result. We base this on Johnson's lack of good cause for an extension of time to obtain the affidavits, as already discussed.
 {¶ 25} In Fletcher, the Ohio Supreme Court stated that:
 {¶ 26} "when a plaintiff is under a heightened pleading requirement due to important policy considerations warranting a limitation on the number of claims, the plaintiff cannot survive a motion to dismiss `through the mere incantation of an abstract legal standard.' Byrd [v.Faber (1991)], 57 Ohio St.3d [56] at 60, 565 N.E.2d 584. Thus, when we apply the standard of review for motions to dismiss, in the absence of an affidavit of merit, we are left only with the complaint, which contains [the plaintiff's] mere conclusions that appellants committed malpractice. These unsupported conclusions `are not taken as admitted by a [12(B)(6)] motion to dismiss and are not sufficient to withstand such a motion.' Mitchell [v. Lawson Milk Co. (1988)], 40 Ohio St.3d [190] at 193, 532 N.E.2d 753." Fletcher, 120 Ohio St.3d 167, 2008-Ohio-5379, at ¶ 14.
 {¶ 27} Here, Johnson's complaint presented a medical claim and, therefore, pursuant to Civ. R. 10(D)(2)(c), she was required to include an affidavit with it. *Page 9 
Because Johnson failed to provide the required affidavit to establish the adequacy of her complaint, the court properly dismissed it. Moreover, we are not persuaded by Johnson's argument that the dismissal of the complaint in its entirety was in error because only Dr. Michelson and University Hospital filed the motion for the more definite statement. As the Fifth Appellate District reasoned in addressing the same argument:
 {¶ 28} "If a complaint is dismissed because it is deficient for failure to comply with filing requirements as to one party on a medical claim, there is no way appellants can re-ring the bell as to the complaint's deficiencies.
 {¶ 29} "The complaint is deficient on its face as to all named defendants. It would be a waste of judicial time and resources to remand for another dismissal motion." Holbein v. Genesis Healthcare Sys., Muskingum App. No. CT2006-0048, 2007-Ohio-5550, ¶ 55-56.
 {¶ 30} Because Johnson's complaint was deficient on its face as to all the named defendants, the trial court properly dismissed it in its entirety. We note that under Fletcher, this dismissal is without prejudice. Id. at ¶ 19. (See, also, Civ. R. 10(D)(2)(d) providing that "[a]ny dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits.").
 {¶ 31} Finally, we are also not persuaded by Johnson's argument that no affidavit of merit was needed to address the claim in that Dr. Michelson violated "a patient[]s basic right to refuse treatment." The underlying nature of all the *Page 10 
claims set forth in Johnson's complaint regarded medical negligence in the diagnosis and treatment of her mother. Thus, Johnson was required to provide an affidavit of merit relative to the claims she asserted against all the defendants, including Dr. Michelson.
 {¶ 32} In conclusion, the trial court did not abuse its discretion by denying Johnson's motion for extension of time. Further, the court did not err by dismissing the complaint without prejudice in its entirety.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and JAMES J. SWEENEY, J., CONCUR
[1] At the time University Hospital and Dr. Michelson filed their motion, service had not yet been had on Drs. Gartrell and Schillz. Although a docket entry dated October 18 indicates that the unidentified attendants, interns, and physicians were served, a December 3 entry indicates failure of service on those unidentified defendants. *Page 1