JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, plaintiff-appellant, Minnie Lee Ervin ("Ervin"), appeals from the order of the Cuyahoga County Court of Common Pleas dismissing her action for medical malpractice against defendants-appellees, the Cleveland Clinic Foundation, James Howard Walker, M.D., and David Peter Gurd, M.D. (collectively "the Clinic"). For the following reasons, we reverse and remand.
 {¶ 2} The following facts are pertinent to this appeal: On December 1, 2005, Ervin filed a complaint for medical malpractice against the Clinic.
 {¶ 3} On January 10, 2006, the Clinic filed a motion to dismiss asserting that Ervin had failed to submit an affidavit of merit as required by Civ.R. 10(D)(2). On *Page 2 
February 14, 2006, the trial court issued an order requiring Ervin to submit the affidavit of merit by March 17, 2006, or the case would be dismissed. On March 17, 2006, Ervin filed a motion for additional time to file the affidavit. In that motion, Ervin alleged that she was unable to obtain the necessary experts for the case because she had not received critical medical records from South Pointe Hospital until February 28, 2006.
 {¶ 4} On March 27, 2006, the trial court denied Ervin's motion for additional time and dismissed the case.
 {¶ 5} It is from this order that Ervin now appeals and raises three assignments of error for our review, which will be addressed out of order.
 {¶ 6} "II. The trial judge abused her discretion by dismissing this medical malpractice action for failure to comply with newly enacted Civ.R. 10(D)(2)."
 {¶ 7} In her second assignment of error, Ervin claims that trial court abused its discretion in dismissing her complaint with prejudice for her failure to timely comply with its order of producing an affidavit of merit.
 {¶ 8} A trial court's decision to grant or deny an extension of time will not be disturbed absent an abuse of discretion. Civ.R. 6(B). An abuse of discretion connotes that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. *Page 3 
 {¶ 9} Here, Ervin's attorney supported the motion for an extension of time with an affidavit showing that they had been attempting to obtain the necessary medical records from South Pointe Hospital since June 8, 2005. Counsel also averred that these records had not been received until February 28, 2006, a mere 17 days from the March 17, 2006 deadline. Under these circumstances, we find that Ervin should have been granted additional time to obtain a medical expert to review the newly obtained medical records and prepare the affidavit of merit. Accordingly, we find that the trial court abused its discretion in refusing to grant the requested extension of time.
 {¶ 10} Assignment of Error II is sustained.
 {¶ 11} "I. The trial court judge erred, as a matter of law, by rejecting plaintiff-appellant's argument that newly enacted Civ.R. 10(D)(2) impermissibly infringed upon her substantive rights in violation of Section 5(B), Article IV of the Ohio Constitution.
 {¶ 12} "III. As a matter of law, dismissal for violations of recently enacted Civ.R. 10(D)(2) are without prejudice."
 {¶ 13} In light of the disposition of Assignment of Error II, Ervin's first and third assignments of error are moot and we decline to address them.
Judgment reversed and remanded.
It is ordered that appellant recover from appellees her costs herein taxed. *Page 4 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, PRESIDING JUDGE
 ANTHONY O. CALABRESE, JR., J., and MARY EILEEN KILBANE, J., CONCUR. *Page 1