JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, George Chromik ("Chromik"), appeals the trial court's granting the motion for judgment on the pleadings filed by defendants-appellees, Kaiser-Permanente, Dr. Channagiri Phanindra, and Dr. Rachel Abernethy, collectively referred to as "defendants." Finding no merit to the appeal, we affirm.
 {¶ 2} This action arises from a medical malpractice claim by Chromik, as the executor of the estate of his father, Konrad Chromik. Chromik originally filed suit against the defendants in September 2004, but he voluntarily dismissed the case and refiled in July 2006.
 {¶ 3} When Chromik refiled his complaint against defendants, he also filed a motion for extension of time to file affidavits of merit pursuant to Civ.R. 10(D)(2).[1] On August 1, 2006, defendants filed a motion for judgment on the pleadings, raising Chromik's failure to file an affidavit of merit as required by Civ.R. 10(D). On August 22, 2006, the trial court granted Chromik an extension until September 21, 2006 and advised that defendants' motion for judgment on the pleadings would be revisited at that time. *Page 4 
 {¶ 4} On September 21, 2006, Chromik filed a second motion for an extension of time to file his affidavits of merit. The trial court granted his motion, extended the deadline to October 20, 2006, and stated that no further extension would be granted. However, on October 23, 2006, Chromik filed a third motion seeking an extension of time to file the affidavits of merit. On October 30, 2006, the trial court denied Chromik's third motion for extension of time and granted defendants' motion for judgment on the pleadings.
 {¶ 5} Chromik now appeals, raising three assignments of error. In the first assignment of error, he argues that the trial court erred by granting defendants' motion for judgment on the pleadings for his failure to file an affidavit of merit as to each defendant as required by Civ.R. 10(D)(2). He argues that his complaint stated a valid claim for relief and his pleadings were "wholly in order." In the second assignment of error, Chromik argues that the court erred by dismissing his claim with prejudice when the failure to file an affidavit of merit should have resulted in a conclusion that the trial court lacked subject matter jurisdiction under Civ.R. 41(B)(4). In the third assignment of error, Chromik argues that the trial court abused its discretion when it did not grant him an additional fifteen days to complete the affidavits. He maintains that the word "shall" in Civ.R 10(D)(2)(b) is significant because he demonstrated "good cause" when requesting his extensions. We will discuss these assignments of error together because they involve the same evidence and standard of review. *Page 5 
 Standard of Review {¶ 6} Appellate review of a motion for judgment on the pleadings is de novo. Drozeck v. Lawyer Title Ins. Corp. (2000), 140 Ohio App.3d 816,749 N.E.2d 775; Peterson v. Teodosio (1973), 34 Ohio St.2d 161,297 N.E.2d 113.[2] A court must limit its determination of a motion for judgment on the pleadings solely to the allegations in the pleadings and any writings attached to those pleadings. Peterson, supra; Civ.R. 7(A); Civ.R. 10(C).
 Motion for Judgment on the Pleadings {¶ 7} Civ.R. 12(C) provides that "[a]fter the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings."
 {¶ 8} Under Civ.R. 12(C), "dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief."[3]State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St. 3d 565, 664 N.E.2d 931. Thus, the granting of a judgment on the pleadings is *Page 6 
only appropriate where the plaintiff has failed to allege a set of facts which, if true, would establish the defendant's liability. Walters v.First National Bank of Newark (1982), 69 Ohio St.2d 677, 433 N.E.2d 608;Siemientkowski, supra.
 Attachments to Pleadings {¶ 9} Civ.R. 10 governs the forms of pleadings. In particular, Civ.R. 10(D)(2) addresses the requirements for attachments to pleadings in a medical liability claim. It provides in pertinent part:
 "(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim * * * as defined in section 2305.113 of the Revised Code, shall include an affidavit of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. The affidavit of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. The affidavit of merit shall include all of the following:
 (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint; (ii) A statement that the affiant is familiar with the applicable standard of care; (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.
 (b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For good cause shown, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit.
 (c) An affidavit of merit is required solely to establish the adequacy of the complaint * * *." Id.[4] *Page 7 
 {¶ 10} Civ.R. 10(D)(2)(b) also provides that the plaintiff may file a motion to extend the time to file an affidavit of merit. The court shall grant the plaintiff a reasonable period of time for good cause shown by the plaintiff. Id. The July 2005 version of Civ.R. 10(D) does not define "good cause," but the Staff Notes provide that "good cause" may exist in a circumstance where the plaintiff obtains counsel near the expiration of the statute of limitations and counsel has not had sufficient time to obtain a medical expert to review the medical records. The Staff Notes also provide that good cause may exist where the relevant medical records may not have been provided to the plaintiff in a timely fashion or situations where the medical records do not reveal all of the potential defendants.
 {¶ 11} In reviewing the July 2007 amendment to Civ.R. 10(D)(2)(c) for guidance as to what constitutes "good cause," we note that it provides as follows:
 "In determining whether good cause exists to extend the period of time to file an affidavit of merit, the court shall consider the following:
 (i) A description of any information necessary in order to obtain an affidavit of merit;
 (ii) Whether the information is in the possession or control of a defendant or third party;
 (iii) The scope and type of discovery necessary to obtain the information;
 (iv) What efforts, if any, were taken to obtain the information; *Page 8 
 (v) Any other facts or circumstances relevant to the ability of the plaintiff to obtain an affidavit of merit."[5]
 {¶ 12} In Fletcher v. Univ. Hosps. of Cleveland, 172 Ohio App.3d 153,2007-Ohio-2778, this court addressed a situation where the plaintiff ("Fletcher") filed a complaint containing a medical claim without attaching an affidavit of merit. The defendants moved to dismiss the complaint for failure to state a claim and the trial court dismissed the matter with prejudice.[6] On appeal, Fletcher argued that hers was a wrongful death action and not a medical claim, and therefore no affidavit of merit was required. We held that a wrongful death claim is a medical claim as defined by R.C. 2305.113. Thus, Fletcher was required to file an affidavit of merit. Being a matter of first impression, we analogized Civ.R. 10(D)(2) to Civ.R. 10(D)(1) and held that:
 "* * * the proper remedy for failure to attach the required affidavit(s) is for the defendant to request a more definite statement. If the plaintiff fails to comply with an order to provide a more definite statement, `the court may strike the pleading to which the motion was directed, or make any other orders as it deems just, which would include involuntary dismissal with prejudice pursuant to Civ. R. 41(B)(1).'" Fletcher, supra, citing Point Rental Co. v. Posani (1976), 52 Ohio App.2d 183, 368 N.E.2d 1267.
 {¶ 13} Moreover, we found that a defendant who fails to file a motion for more definite statement before filing his answer waives the right to assert the plaintiff's *Page 9 
failure to attach an affidavit of merit as a basis for dismissing the complaint. Id. Furthermore, we held that the filing of a motion to dismiss for failure to state a claim will generally waive the right to assert that a more definite statement is required under Civ.R. 12(G). Id.
 {¶ 14} In the instant case, Chromik's complaint sets forth a survivorship claim and a wrongful death claim against the defendants. Because they are medical claims asserted against the defendants, Chromik was required to comply with Civ.R. 10(D)(2) and attach an affidavit of merit for each defendant. However, the record demonstrates that when Chromik refiled his complaint in July 2006, he did not attach the required affidavits of merit. Rather, he filed a motion for an extension of time to file the affidavits because an employee in his attorney's office had a stroke, other individuals in the office had to take on his workload, and Chromik's attorney "* * * has personally not had sufficient time to obtain" the affidavits of merit. The defendants objected to this motion because Chromik had previously filed suit against the defendants (Case No. CV-524668), which was dismissed when Chromik was unable to produce expert reports. The trial court granted Chromik time to file the affidavits by September 21, 2006, at which point Chromik filed a second motion for extension of time.
 {¶ 15} In his second motion for extension of time, Chromik stated that his attorney had been inundated with legal proceedings during the last sixty days and was "unexpectedly hospitalized." The trial court granted this motion and extended *Page 10 
the deadline to October 20, 2006, advising all parties that no further extensions would be granted. On October 23, 2006, Chromik filed a third motion for extension of time expecting that his expert reports would be due within the next fifteen days.
 {¶ 16} Rather than filing a motion for a more definite statement as we stated in Fletcher, supra, the defendants filed a motion for judgment on the pleadings. However, the matter before us is distinguishable fromFletcher. In Fletcher, the plaintiff never requested an extension to file the required affidavit of merit. In the instant case, Chromik filed his complaint with a motion for extension of time to complete the required affidavits of merit as the rule allowed. The trial court granted Chromik two thirty-day extensions and advised all parties that no further extensions would be granted. When Chromik filed a third request for an extension of time, the trial court granted defendants' motion for judgment on the pleadings and dismissed the case with prejudice. Chromik had possession of the medical records at issue for more than two years. He had a year between the time he dismissed his original complaint in Case No. CV-524668 and filed the instant matter. Furthermore, he had an additional 107 days to submit the affidavits after refiling his complaint.
 {¶ 17} Thus, in essence, the trial court gave Chromik the opportunity to provide a more definite statement by allowing a 107-day extension, but Chromik failed to comply. Under Fletcher, supra, the trial court had the discretion to dismiss the case with prejudice if Chromik failed to comply with the court's order to submit the *Page 11 
affidavit. Therefore, we find no abuse of the court's discretion in entering a dismissal with prejudice.[7]
 {¶ 18} Accordingly, the first, second, and third assignments of error are overruled.
Judgment is affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, JUDGE
JAMES J. SWEENEY, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] In July 2005, Civ.R. 10(D) was amended to require that parties asserting medical claims attach an affidavit of merit to the complaint. Each affidavit of merit "shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence." Id.
[2] A motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion and the same standards of review are applied. Gawloski v. Miller Brewing Co. (1994), 96 Ohio App.3d 160, 163,644 N.E.2d 731.
[3] The granting of a Civ.R. 12(C) motion requires the court to determine that the movant is entitled to judgment as a matter of law.Siemientkowski v. State Farm Ins. Co., Cuyahoga App. No. 85323,2005-Ohio-4295.
[4] Civ.R. 10(D)(2) was enacted to reflect the inclusion of the requirement that a medical liability complaint include an affidavit of merit concerning the alleged breach of the standard of care by each defendant to the action. See Staff Notes to July 1, 2005 Amendment. The rule expressly provides that the affidavit of merit is required to establish the adequacy of the complaint. See Civ.R. 10(D)(2)(c).
[5] Civ.R. 10(D)(2) was recently amended, effective July 2007. Our analysis is based on the July 2005 version of the rule because the matter before us was dismissed with prejudice and is not an "action pending" pursuant to Civ.R. 86(DD).
[6] Fletcher never requested an extension to file an affidavit of merit.
[7] Thus, Chromik's alternative argument that if dismissal was proper, it should have been without prejudice for lack of subject matter jurisdiction, is without merit. *Page 1