JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Kimberly Colon, appeals the trial court's dismissal of her complaint. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} The facts that lead to this appeal began on November 11, 2003. Appellant alleges that on that date, Lake West Hospital Systems ("the hospital") and Dr. Terry Fortune (collectively "appellees") failed to properly diagnosis her with appendicitis, and her appendix subsequently burst.
 {¶ 3} On November 12, 2004, appellant filed a medical malpractice claim against appellees. On December 21, 2004, appellant voluntarily dismissed the case, but refiled on December 5, 2005. On August 7, 2006, the trial court granted appellant's motion for an extension of time to file an affidavit of merit stating: "Civil Rule 10 allows for additional time to file an affidavit of merit. Plaintiff shall have 90 days from this order to produce the affidavit."
 {¶ 4} On October 2, 2006 and October 11, 2006, appellees filed separate motions for summary judgment. On February 8, 2007, the trial court (treating the motions for summary judgment as motions to dismiss) dismissed the case with prejudice because appellant failed to comply with Civ.R. 10(D)(2). In its judgment entry, the trial court stated: "This case is hereby dismissed with prejudice due to plaintiff's failure to comply with Civ.R. 10(D). * * * Plaintiff filed her complaint on 12/5/05 without the affidavit of merit. On 8/7/06 this court granted plaintiff an *Page 4 
additional 90 days to produce an affidavit of merit. Plaintiff has failed to comply with Civ.R. 10(D) despite having been granted and [sic] enlargement of time within which to file the affidavit of merit."
 {¶ 5} Appellant filed her notice of appeal on March 6, 2007. She cites one assignment of error for our review.
 {¶ 6} "I. The trial court committed reversible error when it dismissed plaintiff-appellant's complaint where plaintiff-appellant required additional time to secure Dr. Fortune's deposition for the purpose of complying with Civ.R. 10(D)(2) due to Dr. Fortune's evasion of service."
 {¶ 7} Appellant argues that the trial court erred when it dismissed her complaint under Civ.R. 10(D)(2). More specifically, she alleges that, in order to comply with Civ.R. 10(D)(2), she needed additional time to depose Dr. Fortune, and she alleges she has been unable to depose Dr. Fortune because he has been evading service. After review, we find these arguments to be without merit.
 {¶ 8} An appellate court applies a de novo standard of review to dismissals for failure to comply with Civ.R. 10(D). Keenan v. AdeccoEmpl. Servs., Allen App. No. 1-06-10, 2006-Ohio-3633. Under Civ.R. 10(D)(2)(a), "a complaint that contains a medical claim * * * shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. * * * Affidavits of merit shall include * * * a statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning *Page 5 
allegations contained in the complaint; a statement that the affiant is familiar with the applicable standard of care; and the opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff."
 {¶ 9} Under Civ.R. 10(D)(2)(b), "the plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed * * * with the complaint. For good cause shown and in accordance with division (c) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit, not to exceed ninety days."
 {¶ 10} In determining if good cause has been shown, the court must consider "a description of any information necessary in order to obtain an affidavit of merit; whether the information is in the possession or control of a defendant or third party; the scope and type of discovery necessary to obtain the information; what efforts, if any, were taken to obtain the information; any other facts or circumstances relevant to the ability of the plaintiff to obtain an affidavit of merit." Civ.R. 10(D)(2)(c).
 {¶ 11} The crux of appellant's argument is she is unable to comply with Civ.R. 10(D)(2)(c) for the reason that she has been unable to depose Dr. Fortune because he has evaded service. We find no merit in appellant's argument.
 {¶ 12} Affidavits of merit are to be filed with complaints in medical malpractice cases in order to discourage plaintiffs from filing meritless claims. A plaintiff needs to obtain an affidavit of merit that indicates at least one expert finds the case has *Page 6 
merit. Because the affidavit is to be filed along with the complaint (before discovery takes place), appellant's argument that she needs Dr. Fortune's deposition testimony in order to secure such an affidavit is without merit. Further, the record shows that appellant has not presented any expert testimony that Dr. Fortune's deposition would be necessary to obtain an affidavit of merit.
 {¶ 13} Appellant alleges that Dr. Fortune is deliberately evading service; however, we do not address that issue here because, even if Dr. Fortune were evading service, it would not eliminate appellant's burden of submitting an affidavit of merit with her complaint. She has had access to the requisite medical records. The trial court granted her a 90-day extension to file her affidavit. It was not until five months later that the trial court finally dismissed appellant's case. At any point since the time that she refiled her complaint, appellant could have secured the appropriate affidavit.
 {¶ 14} Appellant also argues that the trial court abused its discretion when it refused to grant her a further extension of time until "such time as service on Defendant-Appellee Terry Fortune was perfected." We do not find this argument persuasive.
 {¶ 15} A trial court's decision to grant or deny an extension of time will not be disturbed absent an abuse of discretion. Civ.R. 6(B). To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, *Page 7 
arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 16} For the same reasons that we found that the trial court properly granted appellees' motions to dismiss, we find that the trial court properly decided to deny appellant a further extension of time. Dr. Fortune's alleged deliberate evasion of service is irrelevant to the requirement that an affidavit of merit be filed with the complaint. Even given a 90-day extension, appellant failed to file the affidavit of merit.
 {¶ 17} Finally, we address appellant's contention that the decision inErvin v. Cleveland Clinic Found., Cuyahoga App. No. 88053,2007-Ohio-818, supports her arguments. In Ervin, the hospital filed a motion to dismiss a medical malpractice case for failure to comply with Civ.R. 10(D)(2). The patient filed a motion for additional time to file the affidavit of merit for the reason that she was unable to obtain the necessary experts for the case because she had just received her medical records two weeks earlier. The trial court denied the motion for additional time and dismissed the case. This court held that the trial court abused its discretion in refusing to grant the extension of time. The patient had tried to obtain the medical records from the hospital and did not receive them until two weeks before the deadline. This court held that the patient should have been granted additional time in which to obtain a medical expert to review the records and prepare the affidavit of merit. Ervin, supra. *Page 8 
 {¶ 18} The case before us here is factually distinguishable fromErvin. In Ervin, the patient was unable to obtain her medical records in order to prepare an affidavit of merit. Here, appellant has not had any difficulty obtaining her medical records; she has only been unable to depose Dr. Fortune.
 {¶ 19} Appellant failed to obtain an affidavit of merit, even with a 90-day extension. We find that the trial court did not abuse its discretion when it failed to grant appellant additional time. There is no need to depose Dr. Fortune in order to obtain an affidavit of merit, particularly in light of the fact that appellant has had access to the necessary medical records. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., JUDGE
MARY EILEEN KILBANE, P.J., CONCURS; ANN DYKE, J., CONCURS IN JUDGMENT ONLY. *Page 1