JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Eugene Graf (Eugene) and Linda Graf (Linda), or collectively (the Grafs), appeal the trial court's dismissal of their medical malpractice action against defendants-appellees, Robert Cirino, M.D. (Cirino) and USHC Physicians, Inc. (USHC). For the following reasons, we affirm.
 {¶ 2} The facts giving rise to the instant case began on November 24, 2004, after Eugene experienced increased frequency of bowel movements and intestinal pain. Cirino diagnosed Eugene as having an allergic reaction to prepared foods and prescribed Flagyl. Eugene experienced adverse side effects from Flagyl, including dry heaves, severe diarrhea, and intestinal pain. Cirino prescribed Cipro in lieu of Flagyl. Eugene continued to have diarrhea and also had an elevated white blood cell count, indicative of a continued allergic reaction to prepared foods.
 {¶ 3} Thereafter, on December 12, 2003, Eugene underwent a procedure performed by Cirino and was prescribed Prednisone and Colazal. Eugene subsequently changed physicians and was diagnosed with a clostridium difficile infection and an ulcerative colitis.
 {¶ 4} Eugene is currently disabled and unable to work. The Grafs allege that Cirino failed to timely and properly diagnose Eugene, causing unnecessary exacerbation of his ulcerative colitis. *Page 4 
 {¶ 5} The Grafs filed their original complaint for medical malpractice and loss of consortium against Cirino and USHC on May 23, 2005, but voluntarily dismissed the case on March 24, 2006.
 {¶ 6} The Grafs refiled their complaint on March 19, 2007, and simultaneously filed a "motion for extension of time to file affidavits of merit regarding medical claim pursuant to Ohio R.Civ.Proc. 10(D)(2)." The trial court granted the Grafs' motion for extension of time until May 21, 2007.
 {¶ 7} On May 17, 2007, the Grafs filed a second motion for extension of time to file affidavits of merit. Cirino and USHC filed a brief in opposition and a motion for judgment on the pleadings. The trial court granted the Grafs a second extension until June 20, 2007.
 {¶ 8} On June 20, 2007, the Grafs filed a third motion for extension of time to file affidavits of merit. Again, Cirino and USHC filed a brief in opposition and a motion for judgment on the pleadings. The trial court yet again granted the Grafs a third extension until July 9, 2007.
 {¶ 9} On July 9, 2007, the Grafs filed a fourth motion for extension of time to file affidavits of merit. On July 12, 2007, Cirino and USHC filed a brief in opposition and another motion for judgment on the pleadings. On July 19, 2007, the trial court denied the Grafs' fourth extension of time and granted Cirino and USHC's motion for judgment on the pleadings as follows: *Page 5 
 "Plaintiffs' motion for a seven-day extension of time to file affidavit of merit regarding medical claim, filed 07/09/2007, is denied. The court finds that this case was a refiled case in which plaintiff was unable to secure an affidavit of merit from 05/23/05 to 03/31/06. Additionally, plaintiff refiled the instant action on 03/19/07 without an affidavit of merit and despite being granted extensions until 07/09/07, did not comply with Civ. R. 10(D). Defendants' motion for judgment on the pleadings, filed 07/12/2007, is granted."
 {¶ 10} The Grafs appealed, asserting three assignments of error for our review. In the interest of judicial economy, we address the Grafs' first and third assignments of error together.
 {¶ 11} ASSIGNMENT OF ERROR NUMBER ONE
 "The trial court committed reversible error by granting defendants' motion for judgment on the pleadings based upon the failure to file an affidavit of merit as to each defendant."
 {¶ 12} ASSIGNMENT OF ERROR NUMBER THREE
 "The trial court abused its discretion by not giving the plaintiffs an additional seven days to comply with affidavit of merit requirement of Civ. R. 10(D)(2)."
 {¶ 13} The Grafs argue that the trial court erred when it granted Cirino's and USHC's joint motion for judgment on the pleadings. Furthermore, the Grafs argue that the trial court erred when it failed to grant them an additional seven-day extension of time to file affidavits of merit. *Page 6 
 {¶ 14} "Appellate review of a motion for judgment on the pleadings is de novo. A court must limit its determination of a motion for judgment on the pleadings solely to the allegations in the pleadings and any writings attached to those pleadings." Chromik v. KaiserPermanente, Cuyahoga App. No. 89088, 2007-Ohio-5856, at ¶ 6. (Internal citations omitted.)
 {¶ 15} Civ. R. 12(C) addresses motions for judgment on the pleadings and reads as follows: "After the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings."
 "A motion for judgment on the pleadings is the same as a motion to dismiss filed after the pleadings are closed and raises only questions of law. The pleadings must be construed liberally and in a light most favorable to the party against whom the motion is made, and every reasonable inference in favor of the party against whom the motion is made should be indulged. The motion should be denied if it cannot be determined from the face of the pleadings that the pleading does not state a claim upon which relief can be granted." Case Western Reserve University v. Friedman (1986), 33 Ohio App.3d 347, at 348. (Internal citations omitted.)
 {¶ 16} Furthermore, motions for extension of time to file affidavits of merit are reviewed upon an abuse of discretion standard. Ervin v.Cleveland Clinic Foundation, Cuyahoga App. No. 88053, 2007-Ohio-818. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217. *Page 7 
 {¶ 17} Pursuant to Civ. R. 10(D)(2)(a), a medical malpractice claimant must file one or more affidavits of merit with his complaint:
 "[A] complaint that contains a medical claim * * *, as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability."
 {¶ 18} Here, the Grafs filed a medical malpractice claim pursuant to R.C. 2305.113, thus requiring attachment of affidavits of merit.
 {¶ 19} The Ohio Civil Rules also allow for extensions of time to file affidavits of merit and read as follows:
 "The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For good cause shown and in accordance with division (C) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit, not to exceed ninety days, except the time may be extended beyond ninety days if the court determines that a defendant or non-party has failed to cooperate with discovery or that other circumstances warrant extension." Civ. R. 10(D)(2)(b).
 {¶ 20} The Grafs refiled their complaint on March 19, 2007, and thus, the 2005 amended version of Civ. R. 10(D) applies in the case sub judice. We have noted that, although the 2005 amendment of Civ. R. 10(D) does not define "good cause," it may exist in the following circumstances: where plaintiff does not obtain counsel until near the tolling of the statute of limitations such that counsel lacks time to obtain a medical expert to review medical records; where *Page 8 
relevant medical records were not provided to plaintiff in a timely manner; or where medical records do not reveal all potential defendants.Chromik at ___10.
 {¶ 21} Furthermore, the 2007 amended version of Civ. R. 10(D), albeit not effective until after the Grafs filed their complaint, sets forth specific guidelines for the trial court to consider for "good cause":
 "(i) A description of any information necessary in order to obtain an affidavit of merit;
 (ii) Whether the information is in the possession or control of a defendant or third party;
 (iii) The scope and type of discovery necessary to obtain the information;
 (iv) What efforts, if any, were taken to obtain the information;
 (v) Any other facts or circumstances relevant to the ability of the plaintiff to obtain an affidavit of merit." Civ. R. 10(D)(2)(c).
 {¶ 22} In the case sub judice, all four of the Grafs' motions for extensions of time assert that, despite working with experts on the matter, affidavits of merit are not yet available. Thus, the Grafs did not assert that they lacked time to obtain an expert in the matter, that they did not receive medical records in a timely manner, or that the medical records failed to reveal all potential defendants pursuant to the 2005 amended version of Civ. R. 10(D) and Chromik. Nor do the Grafs assert any grounds set forth under the 2007 amended version of Civ. R. 10(D), save for perhaps the catch-all provision set forth in *Page 9 
Civ. R. 10(D)(2)(c)(v). Regardless, the trial court granted the Grafs three extensions from March 19, 2007 until July 9, 2007, a total of one hundred twelve days.
 {¶ 23} In light of the fact the Grafs had possession of the medical records, had one year's time between dismissal of the original action and the refiling of the instant action, and in light of a lengthy one-hundred-twelve-day extension of time in the instant action, the trial court did not err and abuse its discretion when it denied the Grafs' fourth motion for extension of time. Nor did the trial court err when it granted Cirino's and USHC's motion for judgment on the pleadings.
 {¶ 24} The Grafs' first and third assignments of error are overruled.
 {¶ 25} ASSIGNMENT OF ERROR NUMBER TWO
 "The trial court erred by dismissing plaintiffs' case with prejudice."
 {¶ 26} The Grafs argue that the trial court erred when it dismissed their case with prejudice.
 {¶ 27} However, a trial court has discretion to dismiss a case with prejudice where a plaintiff fails to comply with a court order to submit affidavits of merit. See Chromik. Here, the Grafs make no showing that the trial court abused its discretion when it dismissed their case with prejudice.
 {¶ 28} Thus, the Grafs' second assignment of error is overruled.
 Judgment affirmed. *Page 10 
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1