{¶ 15} I respectfully disagree with the disposition made by the majority opinion in this case, since, in my view, it follows a reasonable analysis to an illogical result. *Page 5 
 {¶ 16} It must first be noted that this is not plaintiff's first attempt to raise these claims against defendant. Rather, her original action was dismissed in May 2006 without prejudice, precisely for her failure to comply with Civ. R. 10(D)(2).
 {¶ 17} Thus, when she refiled her action in May 2007, she still had not secured a certificate of merit; instead, she utilized Civ. R. 10(D)(2)(b) to request additional time to obtain one. On May 30, 2007, before the trial court could rule on plaintiff's request, defendant filed its answer; therein, defendant raised as an affirmative defense plaintiff's failure to comply with the mandate of Civ. R. 10(D)(2).
 {¶ 18} The foregoing fact, in itself, causes the plaintiff's first assignment of error to lack merit, since it demonstrates that defendant made no waiver of such requirement. Additionally, as soon as the decision in Fletcher was issued defendant sought to follow the procedure it outlined.
 {¶ 19} This case's procedural history in the trial court demonstrates it is a case to which the mandate of Civ. R. 10(D)(2) was meant to apply. Bluntly put, plaintiff simply could not obtain a certificate of merit, despite having had ample opportunity to support her cause of action.
 {¶ 20} The facts are thus similar to those faced in Chromik v. KaiserPermanente, Cuyahoga App. No. 89088, 2007-Ohio-5856 (discretionary appeal not allowed, 117 Ohio St.3d 1459, 2008-Ohio-1635). InChromik, this court found no *Page 6 
abuse of discretion in the trial court's dismissal of the action for the plaintiff's failure to comply with the court's order to provide a more definite statement.
 {¶ 21} There is no need, therefore, to reverse the trial court's decision in order for the defendant to seek "leave to withdraw its answer and file a motion for a more definite statement" when thedefendant neither neglected to file such a motion nor appeals the trial court's action.
 {¶ 22} Accordingly, I would overrule both of plaintiff's assignments of error, and affirm the trial court's dismissal of this action. *Page 1