NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 15, 2009[*]
Decided July 24, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 08-4295 | |
| | Appeal from the United States District |
| STEVEN LANG, | Court for the Northern District of |
| *Plaintiff-Appellant,* | Illinois, Eastern Division. |
| | |
| *v.* | No. 06 C 1058 |
| | |
| TCF NATIONAL BANK & JP | Matthew F. Kennelly, |
| MORGAN CHASE BANK, | *Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Steven Lang sued TCF National Bank and Washington Mutual Bank (now JP
Morgan Chase Bank) for violating the Fair Credit Reporting Act by failing to correct credit

---

[*] After examining the briefs and the record, we have concluded that oral argument is
unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP.
P. 34(a)(2).

information that he deemed inaccurate.  See 15 U.S.C. §§ 1681n, 1681o, & 1681s-2.  The district court granted the defendants' motions for summary judgment, and we affirm.

Lang once had personal checking accounts at both banks.  In October 2003 Lang opened an account at Washington Mutual Bank.  The bank closed that account one year later when Lang had an overdraft balance of $1,224.97.  The next day, Washington Mutual reported Lang to ChexSystems, a consumer reporting agency, for "overdrafts," but it did not report any outstanding debt.  Washington Mutual then hired a collection agency to recover the outstanding debt, and in September 2005 Lang settled that debt.  Lang also had a checking account at TCF, and in 2003 he incurred forty overdraft fees for non-sufficient funds and wrote eight checks that were returned unpaid.  In December 2003, TCF closed that account—which was overdrawn by $124—and absorbed the loss.  TCF reported the account to ChexSystems for "Non-Sufficient funds (NSF) activity" without mentioning any current debt.

In September 2005, Lang submitted a "Request for Reinvestigation" to ChexSystems.  He disputed a report from ChexSystems in which the two banks describe him as having had "overdrafts" and "Non-Sufficient funds."  Lang complained to ChexSystems, "The information on your report is inaccurate and should be removed.  I owe no monies to any of the institutions listed above.  Please correct your information."  ChexSystems sent a "Request for Reinvestigation" to both banks.  The request from ChexSystems did not include Lang's denial of outstanding debt.  Instead, the request stated only that the banks had reported overdraft or non-sufficient fund activities, and that Lang disputed these reports as "inaccurate."  Washington Mutual responded to ChexSystems and confirmed Lang's overdrafts, stating also that "the report is correct." TCF confirmed the information as well, advising that when Lang's account was closed, it was reported for non-sufficient funds activity.

Lang sued TCF, Washington Mutual, and ChexSystems (with whom he later settled).  He alleged that because he owed no money to the banks, they provided inaccurate information to ChexSystems and failed to correct their errors, in violation of the Fair Credit Reporting Act.  After extensive discovery, the district judge granted the defendants' motions for summary judgment.  The judge analyzed two provisions of the FCRA: § 1681s-2(b) (obligating banks to investigate requests from credit reporting agencies) and § 1681s-2(a) (obligating banks to furnish accurate information).  The district court found that Washington Mutual and TCF met their obligations under § 1681s-2(b) to conduct an investigation and report to ChexSystems any discovered inaccuracies.  The court also concluded that Lang could not sue the banks under § 1681s-2(a) because that provision allows for no private right of action.  See 15 U.S.C. § 1681s-2(c).

On appeal Lang argues that the district court erred in concluding that the defendants had met their obligations to investigate the disputed credit information. Lang maintains that had the defendants displayed due diligence, they would have discovered that all debts had been paid. We review the district court's grant of summary judgment *de novo*, construing the evidence in Lang's favor. *Autozone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008).

As relevant here, under 15 U.S.C. § 1681s-2(b) once the banks received notice of a dispute from ChexSystems, they were required to (a) investigate the disputed information; (b) review the relevant information "provided by" ChexSystems; and (c) report the results to ChexSystems. TCF and Washington Mutual's obligations to investigate were thus limited to the disputed information "provided by" ChexSystems. And, according to that information, Lang disputed only historical information: that he previously had "overdrafts" and account closures for "insufficient funds." The defendants investigated these disputes and confirmed to ChexSystems that these historical reports were accurate. Even Lang acknowledges that he had had overdraft and insufficient fund activities at the banks, and this concession demonstrates that the reports were accurate. The banks are not liable for the failure to address Lang's other dispute (that he had no *current* debt to the banks) because ChexSystems did not provide that dispute to the banks in its request for investigation. See *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005). Lang counters that he communicated the true nature of his dispute with the ChexSystems report—that the report misrepresented him as having outstanding debt to the banks—directly to the banks, and they ignored it. But as the district court correctly pointed out, Lang presents no evidence to support this contention. And even if the banks had become aware of Lang's dispute by other means, they were required to investigate only the information reported by ChexSystems. See *id.* § 1681s-2(b) .

Lang next argues that the district court erred in concluding that there was no private right of action to enforce the banks' duties under § 1681s-2(a) to furnish accurate information to the reporting agency. Lang argues that the statute is silent on whether there is a private right of action, but he is wrong. Section 1681s-2(c) specifically exempts violations of § 1681s-2(a) from private civil liability; only the Federal Trade Commission can initiate a suit under that section. See *Perry v. First Nat. Bank*, 459 F.3d 816, 822 (7th Cir. 2006); see also *Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1020 n. 13 (9th Cir. 2009); *Saunders v. Branch Banking And Trust Co. Of VA*, 526 F.3d 142, 149 (4th Cir. 2008).

Finally, Lang argues that Washington Mutual breached its contract with him by considering his payment on his debt as a partial payment as opposed to a settlement of an outstanding debt. Because Lang raises this issue only in his reply brief, we do not consider

the issue here.  See *Simpson v. Office of Chief Judge of Circuit Court of Will County* 559 F.3d 706, 719 (7th Cir. 2009).

AFFIRMED.