[Cite as *Johnson v. Keybank*, 2014-Ohio-120.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100118**

---

## STEPHEN JOHNSON

PLAINTIFF-APPELLANT

vs.

## KEYBANK, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-794014

**BEFORE:** Celebrezze, J., Stewart, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 16, 2014

**FOR APPELLANT**

Stephen Johnson, pro se
P.O. Box 202013
Cleveland, Ohio   44120


**ATTORNEYS FOR APPELLEES**

Amanda J. Martinsek
Marquettes D. Robinson
Thacker Martinsek, L.P.A.
2330 One Cleveland Center
1375 East 9th Street
Cleveland, Ohio   44114

FRANK D. CELEBREZZE, JR., J.:

{¶1} Plaintiff-appellant, Stephen Johnson ("appellant"), appeals the judgment of the common pleas court dismissing his complaint against defendant-appellee, KeyBank N.A., et al. ("KeyBank"), pursuant to Civ.R. 12(C). After a careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Factual and Procedural History

{¶2} On July 12, 2011, appellant notified KeyBank that he was being reported to ChexSystems, a consumer reporting agency, for an amount allegedly due on a KeyBank account. On July 26, 2011, after due inquiry and discovery that an error had been made, KeyBank removed the reference regarding appellant from ChexSystems as well as any notations of alleged debt owed by appellant. Although the error was remedied, appellant sent two pieces of correspondence to KeyBank requesting monetary compensation. KeyBank declined to provide any compensation to appellant.

{¶3} On October 22, 2012, appellant, acting pro se, filed a three-count complaint in the Cuyahoga County Court of Common Pleas alleging that KeyBank conducted an "unauthorized inquiry" and "illegally" reported him to ChexSystems. Appellant claimed that in doing so, KeyBank had been "negligent, grossly negligent, wanton, careless and unlawful." Appellant further raised a number of state law causes of action, including identity theft, libel, and conspiracy to defraud. Appellant contends that KeyBank's actions have caused him damages, including, but not limited to, attorney fees, humiliation, and mental distress.

**{¶4}** On December 14, 2012, KeyBank timely removed the action to federal district court, pursuant to 28 U.S.C. 1441, on the ground that, although the complaint did not state a federal cause of action, appellant's claim arose under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681.

**{¶5}** On January 29, 2013, KeyBank filed a motion for judgment on the pleadings, which was denied by the district court on April 30, 2013, for lack of federal subject-matter jurisdiction. The case was remanded to the common pleas court on May 1, 2013. On May 17, 2013, KeyBank refiled its motion for judgment on the pleadings with the common pleas court. On June 18, 2013, the court granted KeyBank's motion and dismissed appellant's complaint as a matter of law.

**{¶6}** Appellant appeals the judgment of the trial court, pro se, raising one assignment of error for review:

> I. The [trial court] erred in failing to consider all the facts past, present, and future, to determine the damages caused by Keybank, N.A., et al., based on appellant's original complaint.

## II. Law and Analysis

### A. Civil Rule 12(C)

{¶7} In his sole assignment of error, appellant argues that the trial court erred in dismissing his complaint pursuant to Civ.R. 12(C).

{¶8} We review a ruling on a motion for judgment on the pleadings de novo. *Coleman v. Beachwood*, 8th Dist. Cuyahoga No. 92399, 2009-Ohio-5560, ¶ 15. Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Unlike a motion for summary judgment where the parties are permitted to submit certain evidentiary materials for the court's review, the determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165-166, 297 N.E.2d 113 (1973).

{¶9} Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law. *Burnside v. Leimbach*, 71 Ohio App.3d 399, 403, 594 N.E.2d 60 (10th Dist.1991).

{¶10} Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.

*State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

{¶11} Thus, the granting of judgment on the pleadings is only appropriate where the plaintiff has failed to allege a set of facts that, if true, would establish the defendant's liability. *Chromik v. Kaiser Permanente*, 8th Dist. Cuyahoga No. 89088, 2007-Ohio-5856, ¶ 8, citing *Walters v. First Natl. Bank of Newark*, 69 Ohio St.2d 677, 433 N.E.2d 608 (1982).

### B. Fair Credit Reporting Act (Count 1)

{¶12} In the case at hand, Count 1 of appellant's complaint is premised on the allegation that KeyBank improperly reported him to ChexSystems. ChexSystems is a consumer reporting agency governed by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 et seq., and enforced by the Federal Trade Commission. *See Donovan v. Bank of Am.*, 574 F.Supp.2d 192 (D.Me., 2008).

{¶13} Congress enacted the FCRA in 1968 to promote "efficiency in the nation's banking system and to protect consumer privacy." 15 U.S.C. 1681(a). "The FCRA is aimed at protecting consumers from inaccurate information in consumer reports and at the establishment of credit reporting procedures that utilize correct, relevant and up-to-date information in a confidential and responsible manner." *Jones v. Federated Fin. Res. Corp.*, 144 F.3d 961, 965 (6th Cir.1998); *see also Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 781-782 (W.D. Ky.2003).

**{¶14}** In order to protect consumers from the harm that can result when inaccurate information is disseminated into their credit reports, the FCRA prescribes specific duties on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. *Stafford* at 782. In this case, KeyBank acted as a furnisher of information to a consumer reporting agency.

> The FCRA imposes two duties on furnishers of information, codified at 15 U.S.C. §§ 1681s-2(a) and (b). The category of duties in subsection (a) relates to the furnishers' duty to report accurate information and their ongoing duty to correct inaccurate information * * *. The category of duties in subsection (b) governs the furnishers' duty once notice is received from a credit reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency. *Redhead v. Winston & Winston, P.C.*, S.D.N.Y. No. 01 Civ 11475, *4 (Sept. 20, 2002).

**{¶15}** While the FCRA does prohibit furnishers from reporting inaccurate information, enforcement of that duty resides exclusively with federal and state agencies. *See* 15 U.S.C. 1681s-2(a). As recognized in *Ruggiero v. Kavlich*, 411 F.Supp.2d 734 (N.D.Ohio 2005), there is no private cause of action available to a consumer under the FCRA for this type of erroneous reporting. *Id.* at 736; *see also Lang v. TCF Natl. Bank*, 338 Fed.Appx. 541, 544 (7th Cir.2009) ("Section 1681s-2(c) specifically exempts violations of [section] 1681s-2(a) from private civil liability; only the Federal Trade Commission can initiate a suit under that section"). Accordingly, the trial court properly determined that Count 1 of appellant's complaint failed to state a claim under the FCRA.

## C. State Claims for Identity Theft, Libel, and Conspiracy to Defraud (Counts 2 and 3)

{¶16} With respect to appellant's allegations of "identity theft" pursuant to R.C. 2913.49,[1] libel pursuant to R.C. 2739.01, and conspiracy to defraud, we find that such claims are preempted by the FCRA.

{¶17} The FCRA contains two provisions preempting state law. The provision pertinent to the resolution of this case preempts any state claim "with respect to any subject matter regulated under * * * [15 U.S.C. 1681s-2] relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. 1681t(b)(1)(F). Thus, to the extent appellant's state law claims relate to KeyBank's duty to furnish accurate information to credit reporting agencies, they are preempted. *Bryan v. Bank of Am. Home Loans Servicing, L.P.*, N.D. Ohio No. 3:10 CV 959, 2011 U.S. Dist. LEXIS 131164 (Nov. 14, 2011).

{¶18} A careful review of appellant's complaint reveals that the sole factual underpinning of his allegations against KeyBank relate to its erroneous reporting to ChexSystems. Appellant does not allege any other improper conduct by KeyBank. Thus, the allegations raised in Counts 2 and 3 of appellant's complaint relate specifically to KeyBank's duty to furnish accurate information to credit reporting agencies. Under the plain language of section 1861t(b)(1)(F) of the FCRA, these state law claims are

---

[1] Appellant incorrectly references R.C. 2913.49 as "Identity Theft." The statute's title is "Identity Fraud."

preempted and cannot be pursued against KeyBank as a matter of law. *See Bryan* at *15-16.

**{¶19}** Based on the foregoing, we find that appellant failed to state a claim for relief. Thus, the trial court properly dismissed his complaint pursuant to Civ.R. 12(C).

**{¶20}** Appellant's sole assignment of error is overruled.

**{¶21}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR