DECISION AND JUDGMENT
{¶ 1} Appellants appeal judgments of the Erie County Court of Common Pleas, dismissing a medical malpractice claim and granting summary judgment to an employer on a Federal Employers Liability Act ("FELA") claim. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} Duncan Oglesby, Sr. was hospitalized in a facility operated by appellee Firelands Regional Medical Center when he died on October 25, 2003, reportedly of cancer and mesothelioma. During his life he had worked for the railroad.
 {¶ 3} On October 25, 2005, [1] appellants, Duncan Oglesby, Jr., Dashon Oglesby, DK [sic] a minor through his next friend G. L. Oglesby and G. L. Oglesby, individually and as administrator of the estate of Duncan Oglesby, Sr., sued appellee Firelands for medical negligence and "Consolidated Rail Systems and/or Conrail and/or John Doe Unknown Railway Employer" for railway workplace negligence under FELA which appellants alleged resulted in the death of Duncan Oglesby, Sr.[2]
 {¶ 4} Appellee Firelands answered the complaint, denying liability. Separately, Firelands moved to dismiss the complaint on the ground that appellants failed to include with the complaint a medical malpractice merit affidavit as required by Civ. R. 10(D)(2). Appellants responded with a motion to extend for 90 days the time within which to file a merit affidavit. The court granted appellants until March 16, 2007, to file a merit affidavit.
 {¶ 5} Meanwhile, appellee Consolidated Rail Corporation ("Conrail") filed an answer on behalf of the "improperly named Consolidated Rail System," denying any *Page 3 
knowledge of the decedent's injuries and suggesting that the decedent had not been its employee.
 {¶ 6} On March 16, 2007, rather than file a merit affidavit, appellants moved to have the court declare Civ. R. 10 (D)(2) unconstitutional. Appellee Firelands filed a memorandum in opposition to appellants' motion and a moved to dismiss the medical negligence portion of the suit, pursuant to Civ. R. 10 (D)(2). On April 6, 2007, the trial court denied appellants' motion to declare Civ. R. 10 (D)(2) unconstitutional and granted appellee Firelands' motion to dismiss.
 {¶ 7} On March 21, 2008, appellee Conrail moved for summary judgment, asserting that appellants could not meet their burden to prove that the decedent was exposed to asbestos during his employment, a necessary predicate to FELA liability, or, alternatively, could not prove that the decedent was ever employed by Conrail. Attached to the motion was the affidavit of the custodian of records of the U.S. Railroad Retirement Board, averring that records relating to appellants' decedent showed him to have been employed by the Michigan Interstate Railway Co., Norfolk and Western Railway Co., and Norfolk Southern Corp. Also attached to the motion was a 1997 "Transaction Agreement" which appellee Conrail argued absolved it of FELA claims for its predecessors, including Norfolk Southern, occurring prior to 1999. Since appellants' decedent never worked for Conrail and Conrail was not a successor for FELA liability, appellee Conrail insisted that it was entitled to judgment as a matter of law. *Page 4 
 {¶ 8} On May 9, 2008, appellants sought leave to amend their complaint to substitute Michigan Interstate Railway Company, Norfolk and Western Railway Co. and Norfolk Southern Corp. as defendants, noting, that "* * * it appears that Conrail is not a proper party." On May 15, the trial court denied leave to amend, concluding that, pursuant to Civ. R. 15 and 3, a claim against these parties was time barred. On June 4, the court granted appellee Conrail's motion for summary judgment.
 {¶ 9} Appellants now bring this appeal, setting forth the following two assignments of error:
 {¶ 10} 1. "The trial court erred by finding Civil Rule 10(D)(2) constitutional and abused its discretion by not granting an evidentiary hearing on the issue of Civil Rule 10(D)(2)'s constitutionality when Civil Rule 10(D)(2) abridges, enlarges and modifies substantive rights in violation of the Ohio Constitution and the United States Constitution
 {¶ 11} 2. "The trial court abused its discretion by not allowing an amendment to the complaint to substitute a proper for party [sic]"
 I. Merit Affidavit {¶ 12} Civ. R. 10(D)(2) in material part provides:
 {¶ 13} "(2) Affidavit of merit; medical liability claim.
 {¶ 14} "(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim * * * shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to *Page 5 
Rules 601(D) and 702 of the Ohio Rules of Evidence. Affidavits of merit shall include all of the following:
 {¶ 15} "(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
 {¶ 16} "(ii) A statement that the affiant is familiar with the applicable standard of care;
 {¶ 17} "(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff."
 {¶ 18} "`Medical claim' means any claim that is asserted in any civil action against a * * * hospital, * * * and that arises out of the medical diagnosis, care, or treatment of any person." R.C. 2305.113(E)(3).
 {¶ 19} "[T]he proper remedy for failure to attach the required affidavit(s) is for the defendant to request a more definite statement. If the plaintiff fails to comply with an order to provide a more definite statement, `the court may strike the pleading to which the motion was directed, or make any other orders as it deems just, which would include involuntary dismissal with prejudice pursuant to Civ. R. 41(B)(1).'" Fletcher v. University Hosp. of Cleveland, 172 Ohio App.3d. 153, 157, 2007-Ohio-2778, ¶ 9, quoting Point Rental Co. v. Posani
(1976), 52 Ohio App.2d 183, 186; compare Stewart v. Forum Health, 7th Dist. No. 06-MA-120, 2007-Ohio-6922. *Page 6 
 {¶ 20} Appellants' complaint with respect to appellee Firelands Regional Medical Center alleged injury to their decedent arising from the medical diagnosis, treatment and care he received. No merit affidavit was attached. Although the motion to dismiss by appellee Firelands was not a motion for a more definitive statement, it supplied appellants with the functional equivalent of such a motion, providing notice that the required supporting document was missing. The trial court permitted appellants ample time to comply and thus was within the authority of the rule in dismissing that portion of appellants' complaint alleging medical malpractice.
 {¶ 21} Nevertheless, appellants insist that Civ. R. 10(D)(2) should not be applied because the rule is violative of multiple provisions of the Ohio and United States Constitutions. Appellants insist that Civ. R. 10(D)(2) is impermissible retroactive legislation, improperly impairs the right of contract, violates procedural and substantive due process, violates their right to equal protection under both the state and federal constitutions and impairs their right to a jury trial in a civil case.
 {¶ 22} As both appellee Firelands and the trial court noted, a merit affidavit requirement was found unconstitutional when statutorily enacted as part a sweeping legislative tort reform attempt in 1997 Am. Sub. H.B. No. 350. State ex rel. OATL v. Sheward (1999), 86 Ohio St.3d 451,478-479. The measure was found to be an improper encroachment on the authority granted to the Supreme Court of Ohio to promulgate rules of procedure in civil matters. Id. at 478, citing Rockey v. 84 LumberCo. (1993), *Page 7 66 Ohio St.3d 221, paragraph two of the syllabus; Section 5(B), Article IV of the Ohio Constitution.
 {¶ 23} Although the present measure is substantively the same and was adopted pursuant to a request of the legislature, see, 2006 Am. Sub. H.B. 215, Section 3, it was, nonetheless, a product of a judicial process that resulted in its adoption by the Ohio Supreme Court. As such, it does not conflict with Section 5(B), Article IV as did its predecessor.
 {¶ 24} With respect to retroactive application of the rule, Section 28, Article II of the Ohio Constitution and Section 10, Article I of the United States Constitution apply only to bar retroactive application of legislative enactments. Moreover, even legislative enactments are not offensive if they are only remedial and procedural. Ackison v. AnchorPacking Co., 120 Ohio St.3d 228, 2008-Ohio-5243, ¶ 16. In this matter the rule at issue is not a legislative enactment and is procedural. Consequently, the rule presents no retroactive application issue.
 {¶ 25} With respect to an impairment of contractual obligations or a due process violation, appellants do not clearly articulate the manner in which they believe the rule is constitutionally offensive.
 {¶ 26} Appellants complain that they are being deprived of equal protection because the rule treats medical claims differently than other negligence claims. This is actually a challenge to the legislature's decision to treat medical claims differently. Such differentiation "* * * must be upheld against equal protection challenge if there is any *Page 8 
reasonably conceivable state of facts that could provide a rational basis for the classification." Am. Assn. of Univ. Professors, Cent.State Univ. Chapter v. Cent. State Univ. (1999), 87 Ohio St.3d 55, 58,1999-Ohio-248, quoting F.C.C. v. Beach Communications, Inc. (1993), 508 U.S. 307, 313. The classifications of which appellants complain appear to be intended to expedite the medical claim, bringing an early resolution if the plaintiff is unable to come forward with evidence supporting issues for which he or she bears the burden of proof. The statutes at issue seem rationally related to speeding that process. As a result, we see no equal protection violation.
 {¶ 27} With respect to the rule denying a plaintiff a right to a civil jury, it does no more than require a plaintiff to show a prima facie case early in the proceeding. This no more deprives a party of a civil jury than would a motion for summary judgment.
 {¶ 28} Appellants have not shown that Civ. R. 10(D)(2) fails to comply with the Constitutions of Ohio or the United States. Accordingly, their first assignment of error is not well-taken.
 II. Substitution of Parties {¶ 29} In their second assignment of error, appellants assert that the trial court erred in denying their May 9, 2008 motion for leave to amend their complaint to substitute Michigan Interstate Railway Co., Norfolk and Western Railway Co. and Norfolk and Southern Corp. for the John Doe railway defendants. In their motion, appellants concede that appellee Conrail is not a proper party and promises to dismiss it as a defendant if leave to amend is granted. The court denied leave to amend. *Page 9 
 {¶ 30} "When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words `name unknown,' and a copy thereof must be served personally upon the defendant." Civ. R. 15(D).
 {¶ 31} "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Civ. R. 15(C).
 {¶ 32} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ. R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ. R. 15(D)." Civ. R. 3(A). *Page 10 
 {¶ 33} "[T]he use of a fictitious name with subsequent correction, by amendment, of the real name of a defendant under Civ. R. 15(D) relates back to the filing of the original complaint and that service must be obtained within one year of the filing of the original complaint."Amerine v. Haughton Elevator Co. (1989), 42 Ohio St.3d 57, 59.
 {¶ 34} When appellants refiled their complaint, it was at the absolute edge of the statute of limitations. For the cause of action to remain viable, service must have been obtained upon the John Doe defendants within one year of the filing of the complaint. Since appellants' motion to substitute parties occurred well beyond one year after filing the complaint, it would have been impossible by that time to satisfy Civ. R. 15(C). Absent the application of the relation back provisions of Civ. R. 3(A) and 15(C) and (D), the statute of limitations bars further action on this claim.
 {¶ 35} Since appellants were barred from further action, we cannot say that the trial court abused its discretion in denying appellant's motion for leave to amend. Accordingly, appellants' second assignment of error is not well-taken.
 {¶ 36} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED. *Page 11 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., and Arlene Singer, J., concur.
[1] The case was originally filed on October 25, 2004, then voluntarily dismissed pursuant to Civ.R 41.
[2] Appellants also named ten unknown physicians, four unknown hospitals and five unknown laboratories. Appellants never substituted any real parties for these John Doe defendants. *Page 1